UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WITKIN DESIGN GROUP, INC.

           Plaintiff,                        Case No.: 16-cv-20484

      v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA AND BROWN
& BROWN OF FLORIDA, INC.,

           Defendants
_____/

## TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF REMOVAL

Travelers Property Casualty Company of America ("Travelers"), pursuant to 28 U.S.C. § 1441, files its Notice of Removal of the action from the Circuit Court of the 11th Judicial Circuit for Miami-Dade County, Florida, bearing Case No. 2015-CA-028305, to the United States District Court for the Southern District of Florida, and in support states:

1. Witkin Design Group ("Witkin") served Travelers with a Petition for Declaratory Relief on January 20, 2016, seeking a declaration coverage exists under policies issued by Travelers.

2. Complete diversity exists between the necessary parties. "The citizens that are considered in determining if a court has diversity jurisdiction are only those who are 'real and substantial parties to the controversy.'" *Wheeler's Moving & Storage, Inc. v. Markel Ins. Co.*, No. 11-80272-CIV, 2011 WL 3419633, *1 (S.D. Fla. Aug. 4, 2011) (quoting *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 460 (1980)).

3. Witkin is a Florida corporation with its principal place of business in Broward County, Florida. *See* the Complaint at ¶2.

4. At the time this action commenced and at the time of the removal Travelers (1) was a citizen of the State of Connecticut, (2) was not incorporated in Florida, (3) had its principal place of business in Connecticut, (4) did not have its principal place of business in Florida and (5) was not a Florida citizen. *See* the Affidavit of Jon Nawrocki, attached as Exhibit "A." Diversity jurisdiction consequently exists because the plaintiff is a citizen of the State of Florida and Travelers is a citizen of only the State of Connecticut.

5. The citizenship of Brown & Brown of Florida, Inc. ("Brown & Brown"), which is Witkin's insurance agent, is irrelevant for the purpose of diversity jurisdiction because Brown & Brown was fraudulently joined as a defendant. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Fourth Tee, LLC v. Axis Surplus Ins. Co.*, No. 8:12–CV–1249–T–17TGW, 2013 WL 593951, *1 (M.D. Fla. Feb. 15, 2013). "When a defendant is improperly joined into an action, and that joinder improperly defeats diversity, the joinder is fraudulent and the case will not be remanded." *Looney v. Protective Life Ins. Co.*, No. 8:07–cv–1020, 2007 WL 2669190, at *2 (M.D. Fla. Sept. 6, 2007).

6. Examining the situation before this Court clearly establishes that there is no possibility that Witkin has a ripe cause of action against Brown and Brown. "Under Florida law, negligence claims against an insurance agent do not accrue until the existence of insurance has been completely resolved, i.e., when the coverage proceedings against the insurer are final." *Pebb Cleveland, LLC v. Fireman's Fund Ins. Co.*, No. 14–81496–CIV., 2015 WL 328247 at *1 (S.D. Fla. Jan. 23, 2015). "The theory is that an insured claiming that he is entitled to insurance coverage is judicially estopped from simultaneously claiming a lack of coverage against the

agent that procured the policy on his behalf." *Id.  See also Hernandez v. Infinity Indemnity Ins. Co.*, 2014 WL 44494752, at *2 (S.D. Fla. Sept. 11, 2014) (claims against [the insurance agents] cannot be decided until a conclusion is reached regarding whether Plaintiffs are covered under [the] Policy.") (*citing Ironshore Indemnity, Inc. v. Banyon 1030-32, LLC*, 2013 WL 4711155, at *7 (S.D. Fla. Aug. 30, 2013) ("A claim against an insurance agent for negligence does not accrue until the underlying action between the insured and the insurance company is final."); *Looney*, 2007 WL 2669190, at *4 (denying a motion to remand and granting a motion to dismiss the non-diverse insurance agent because "Plaintiff cannot make a claim for the negligence of her agent in allowing a contract to lapse while simultaneously claiming she is covered under that contract. When the mere passage of time is insufficient to cure the premature element of the action, as it is here, dismissal without prejudice is appropriate.").

7.     Counts One and Two of Witkin's complaint assert coverage exists under Travelers' policies, no case or controversy.  Counts Three and Four, in contrast, contend that if no coverage exists under Travelers' policies then Brown & Brown was negligent because it failed to procure the appropriate policy for Witkin.  Since Counts Three and Four will not be ripe unless this Court first holds coverage exists under Travelers' policies, no case or controversy currently exists between Witkin and Brown and Brown and that defendant was fraudulently joined.  The citizenship of Brown and Brown is consequently irrelevant and diversity jurisdiction exists.

8.     The amount in controversy requirement is satisfied because Witkin is seeking a judicial declaration that Travelers is required to defend and indemnify Witkin for a wrongful death action.  *See* the Complaint at ¶¶ 8-9, 17, 25 and 28.  Federal courts in the Eleventh Circuit have already held that a lawsuit involving allegations of a wrongful death can be removed based

on diversity jurisdiction even if the complaint merely asserts that the amount in controversy is in excess of $15,000.  For instance, in *Branson v. Medtronic, Inc.*, No. 5:06–cv–332–Oc–10GRJ, 2007 WL 170094 (M.D. Fla. Jan. 18, 2007), the ad damnum clause of the wrongful death complaint sought damages for pain and suffering, loss of enjoyment of life, mental anguish, medical expenses, funeral expenses, loss of companionship, economic damages, costs, pre and post-judgment interest and attorneys fees pursuant to a statute.

After examining that wrongful death case's prayer for relief, the Honorable William Terrell Hodges stated "[t]he Court is hard-pressed to conclude that if liability was established in this case there is any possibility that the damages would be less than $75,000.00." *Branson*, 2007 WL 170094 at *5.  Judge Hodges also stated that the amount in controversy requirement was satisfied because where "a grant of attorney's fees is specifically allowed by statute as an additional award, such fees are considered part of the amount in controversy for jurisdictional purposes." *Id.* at *5-6.  *See also Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Alabama 2009) ("the court cannot image a plaintiff's lawyer saying with a straight face that this wrongful-death case should be valued at no more than $ 75,000. Such a representation would fail the so-called 'laugh test.' Thus, the complaint 'unambiguously' reflects that the amount involved is more than $75,000."); *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) ("We conclude that it is facially apparent that each plaintiff's wrongful death claim satisfies the amount in controversy requirement.  In the complaint, the plaintiffs, the children of Mr. Menendez, seek damages for their personal injuries, including their mental pain and suffering, sustained as a result of Mr. Menendez's death. Further, plaintiff Adelfa Mancillas de Menendez, the wife of Mr. Menendez, seeks damages for loss of companionship and

consortium. These allegations, taken on their face, establish that the amount in controversy requirement is satisfied.").

9. This notice is timely because the Chief Financial Office for the State of Florida was served on January 15, 2016, and service of process was forwarded to Travelers on January 20, 2016. This Notice is consequently filed within 30 days of Travelers' receipt of the initial pleading and within one year of commencement of the action.

10. As required by 28 U.S.C. § 1446 (a), a copy of all process, pleadings and orders served in this action as of the date of this Notice are attached as composite Exhibit "B."

11. A copy of this Notice will be promptly filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, and served on all interested parties.

WHEREFORE, Travelers removes the captioned action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        /s/MELISSA A. GILLINOV
         Andrew E. Grigsby
        Florida Bar No. 328383
        agrigsby@hinshawlaw.com
        Melissa A. Gillinov
        Florida Bar No. 11892
        mgillinov@hinshawlaw.com
        2525 Ponce de Leon Boulevard, 4th Floor
        Coral Gables, FL 33134
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        *Attorneys for Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2016, a true and correct copy of the foregoing has filed via the CM/ECF System.  I further certify that I am not aware of any non-CM/ECF participants.

/s/MELISSA A. GILLINOV
Melissa A. Gillinov