CORPORATION SERVICE COMPANY®

**null / ALL**
**Transmittal Number: 14695574**
**Date Processed: 01/20/2016**

# Notice of Service of Process

**Primary Contact:** Pamela Beyer
The Travelers Companies, Inc.
385 Washington Street, MC 515A
Saint Paul, MN 55102

| | |
|---|---|
| **Entity:** | Travelers Property Casualty Company of America<br>Entity ID Number 2317459 |
| **Entity Served:** | Travelers Property Casualty Company of America |
| **Title of Action:** | Witkin Design Group Inc. vs. Travelers Property Casualty Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, Florida |
| **Case/Reference No:** | 2015-028305-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/20/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 01/15/2016 |
| **How Served:** | Electronic SOP |
| Sender Information: | Bradley H. Trushin<br>305-981-8889 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

16-007456

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA

---

WITKIN DESIGN GROUP, INC.

PLAINTIFF(S),

VS.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND BROWN & BROWN OF FLORIDA INC.

DEFENDANT(S).

**CASE #:** **2015-28305 CA 01**
**COURT:** **CIRCUIT COURT**
**COUNTY:** **MIAMI-DADE**
**DFS-SOP#:** **16-007456**

______________________________/

CIVIL ACTION SUMMONS, PETITION FOR DECLARATORY RELIEF AND COMPLAINT, EXHIBITS, DISCOVERIES

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 15th day of January, 2016 and a copy was forwarded by Electronic Delivery on the 20th day of January, 2016 to the designated agent for the named entity as shown below.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
LYNETTE COLEMAN
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

*** Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.**

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

BRADLEY H. TRUSHIN
SUITE 805
12550 BISCAYNE BLVD.
MIAMI FL 33181

NJW

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | CIVIL ACTION SUMMONS<br>(b) Form for Personal Service on a Natural Person | 2015-28305 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| WITKIN DESIGN GROUP, INC. | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and BROWN & BROWN OF FLORIDA INC. | |

Date 1-15-16 Time 10:20A
MCN. No. 111
is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): Travelers Property Casualty Company of America By serving its registered agent Chief Financial officer | Address: 200 E. Gainse Street, Tallahassee, FL 32399-0000 |
|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

MIAMI-DADE COUNTY COURT LOCATIONS

☒ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Martin Luther King Office (20)
2525 N.W. 62nd Street
Room 1200 A
Miami, Florida 33147

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (20)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

SERVICE

RECEIVED IN SERVICING OF PROCESS SECTION
2016 JAN 15 AM 9:26
DIV. OF TREASURY FINANCIAL SERVICES

| Plaintiff/Plaintiff Attorney | Address: |
|---|---|
| Bradley Trushin<br>Florida Bar No. 216317 | Chepenik Trushin LLP<br>12550 Biscayne Blvd Suite 805<br>Miami, FL 33181 |

| HARVEY RUVIN, CLERK OF COURTS | BY: [signature]<br>DEPUTY CLERK | DATE ON:<br>DEC 11 2015 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

SERVED ON DEFENDANT
2016 JAN 20 PM 11:44
DEPARTMENT OF FINANCIAL SERVICES

☒ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.
☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION | EMPLAZAMIENTO DE ACCION CIVIL (b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| ☒ CIVIL ☐ OTRA | | |

| DEMANDANTE(S) | VS. DEMANDADO(S) | HORA |
|---|---|---|
| Witkin Design Group, Inc. | Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | |

| A Demandado(s): Travelers Property Casualty Company of America by Serving its registered Agent Chief Financial Officer | Direccion: 200 E. Gaines, Tallahassee, FL 32399 |
|---|---|

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

*"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."*

LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| Demandante o Abogado del Demandante: Brad Trushin<br>Numero del Colegio de Abogados: 816371 | Direccion: Crepenik Trushin LLP 12550 Biscayne Blvd., Suite 805, Miami, FL 33181 |
|---|---|

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificacion y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| HARVEY RUVIN<br>Secretario del Tribunal del Condado | POR: ______________________<br>Como Secretario Adjunto | FECHA |
|---|---|---|

## Ley para Estadounidenses con Incapacidades

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☒ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVISION | CONVOCARION D' ACTION CIVILE (b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CAS |
|---|---|---|
| ☒ CIVILE<br>☐ AUTRE | | |

| PLAINTE(S) | VS. CONTRE ACCUSE(S) | HEURE IN |
|---|---|---|
| Witkin Design Group, Inc. | Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | |

A (AUX) ACCUSE(S): Travelers Property Casualty Company of America Serving its registered Agent Chief Financial Officer

ADRESSE: 200 E. Gaines Street Tallahassee, FL 32399

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal et l'adresse des succursales sont dans ci-dessous pour votre convenance

"Pour ceux qui ne pouvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"

ADRESSES DES TRIBUNAUX EN MIAMI-DADE

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| | |
|---|---|
| Plainte/Avocat du Plainte: Brad Trushin<br>Numero de barreau de la Floride: 216371 | Adresse: Chepenik Trushin LLP<br>15550 Biscayne Blvd, Suite 805 Miami, FL 33181 |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (é) ci-desus.

| HARVEY RUVIN<br>Greffier de Tribunal | PAR: ____________________<br>COMME GREFFIER ADJOINT | DATE ON: |
|---|---|---|

## ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

☒ NAN TRIBUNAL ONZYEM AWONDISMAN JIDISYE NAN E POU MIAMI-DADE COUNTY, FLORIDA.
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA.

| DIVIZYON | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| ☒ SIVIL<br>☐ LOT | | |
| PLENTIF(S)<br>Witkin Design Group, Inc | VS. KONT AKIZE(S)<br>Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | LE |
| AKIZE: Travelers Property Casualty Company of America By Serving its Registered Agent Chief Financial Officer | ADRES: 200 E. Gaines Street, Tallahassee, FL 32399 | |

## ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis llv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn asistans legal gratis nan www.dadecountyprobono.org."

## ADRES TRIBINAL NAN MIAMI-DADE COUNTY

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| | |
|---|---|
| Plainte/Avocat du Plainte Brackett Trushin<br>Numero de barreau de la Floride: 916371 | Nimewo manm avoka a. Chepenik Trushin, LLP<br>Address: 12550 Biscayne Blvd., Suite 805<br>Miami, FL 33181 |

ETA FLORIDA: Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.

| HARVEY RUVIN<br>Sekrete Jeneral Tribinal La | BAY:____________________<br>SEKRETE | DATE: |
|---|---|---|

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

Filing # 35242523 E-Filed 12/07/2015 03:58:21 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2015-028305-CA-01

WITKIN DESIGN GROUP, INC.,

Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and BROWN & BROWN OF FLORIDA, INC.,

Defendants.
_______________________________/

**PETITION FOR DECLARATORY RELIEF AND COMPLAINT**

Plaintiff, WITKIN DESIGN GROUP, INC., by and through the undersigned counsel hereby sues Defendants, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and BROWN & BROWN OF FLORIDA, INC., (collectively, the "Defendants") and in support thereof states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for declaratory relief and for damages where the amount in controversy exceeds FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000.00), exclusive of interest and costs.

2. Plaintiff, WITKIN DESIGN GROUP, INC. ("WITKIN"), is a Florida corporation engaged in landscape architecture and planning with its principal office located at 307 South 21st Avenue, Hollywood, Florida 33020.

3. Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS"), is an insurance carrier with representatives in every state in the



CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel.305.981.8889 • eFax 305.405.7979
www.ctllp.com

United States, including the State of Florida, and is authorized to and is in fact doing business in Miami-Dade County, Florida, where it has offices, agents, and/or representatives.

4. Defendant, BROWN & BROWN OF FLORIDA, INC. ("BROWN & BROWN"), procures insurance for clients as an insurance intermediary and is a subsidiary of Brown & Brown, Inc., a Florida corporation with its corporate offices located at 220 South Ridgewood Avenue, Daytona Beach, Florida 32114. BROWN & BROWN is licensed to, and in fact does, procure and broker insurance services in Miami-Dade, Florida, where it has offices, agents, and/or representatives.

5. This Court has personal jurisdiction over TRAVELERS pursuant to § 48.193, Fla. Stat. (2015), because it is engaged in substantial, and not isolated activity within Florida, and further because the actions alleged in this Complaint all occurred in the State of Florida.

6. This Court has personal jurisdiction over BROWN & BROWN pursuant to § 48.193, Fla. Stat. (2015), because it is engaged in substantial, and not isolated activity within Florida, and further because the actions alleged in this Complaint all occurred in the State of Florida.

7. Pursuant to § 47.051, Fla. Stat. (2015), venue is proper for this action in Miami-Dade County, as Defendants TRAVELERS and BROWN & BROWN have offices, agents, and/or representatives, Miami-Dade County.

**FACTUAL ALLEGATIONS**

8. On or about March 28, 2013, a vehicular accident (the "Accident") resulting in the death of Jose A. Scott (the "Decedent") occurred at the intersection of S.W. 135th Terrace and S.W. 136th Avenue (the "Intersection"), located in a residential

community known as Vizcaya Community Association, Inc. ("Vizcaya"), in Miramar, Florida.

9. On or about March 13, 2015, the Decedent's mother, Maria Carolina Cortinas, individually and in a representative capacity on behalf of others and the Decedent's estate,[1] and the Decedent's step-father, Gustavo L. Cortinas, individually, filed suit against WITKIN in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The case is styled *Maria Carolina Cortinas, et al. v. Lakisha D. Coney, et al.* (CACE 14-000011) (the "Litigation"), and the Second Amended Complaint in the Litigation attempted to state a cause of action for wrongful death and negligent infliction of emotional distress against multiple defendants, including WITKIN. A true and accurate copy of the Second Amended Complaint is attached hereto as **Exhibit A**.

10. At the time of the Accident, WITKIN had at least two insurance policies issued by TRAVELERS that were in effect and provided coverage to WITKIN: a Commercial General Liability ("CGL") Policy, Policy No. XJ680-8814X512-TIL-12, and a Commercial Excess Liability ("Excess") Insurance Policy, Policy No. CUP-1A865074-12-47 (collectively, the "Policies"). True and accurate copies of the Policies are attached hereto as composite **Exhibit B**.

11. The Policies were procured through the services of BROWN & BROWN, an insurance broker.

12. At all times material, BROWN & BROWN held itself out to be knowledgeable as to the process of procuring the proper form or type of insurance needed for an entity engaged in landscape architecture, such as WITKIN.

[1] Maria Cortinas filed suit as Plaintiff, individually and as Personal Representative of the Estate of Jose A. Scott, and on behalf of Statutory Survivor, Raphael I. Scott, and as natural parent and guardian of minors Juan I. Scott, Mathias G. Cortinas, Alan G. Cortinas.

13. BROWN & BROWN has served as WITKIN's insurance broker since 1993, when it solicited WITKIN to allow it to procure insurance on WITKIN's behalf, and at all times material hereto, BROWN & BROWN was fully cognizant of the purpose for which WITKIN needed insurance coverage.

14. WITKIN was the landscape architect for Vizcaya and is alleged in the Second Amended Complaint to have negligently "engineered, surveyed, planned, control[led], constructed and developed that portion of the residential community" where the Intersection is located.[2]

15. The allegations set forth in the Litigation contend that WITKIN engaged in negligent acts, including without limitation, "[c]reating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;" "[b]y failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;" "[b]y constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection;" and "[b]y failing to otherwise properly create an intersection free from unreasonable risk of danger."

16. The Accident occurred more than a decade after WITKIN had completed landscape design work for Vizcaya.

17. Upon receipt of service of process in the Litigation, WITKIN sought coverage from TRAVELERS to provide a defense and indemnify Witkin against the claims asserted against WITKIN in the Litigation.

---

[2] *See, e.g.*, Exhibit A, ¶ 377, pg. 142.

18. TRAVELERS denied coverage entirely for all claims asserted against WITKIN in a letter dated April 30, 2015, contending that WITKIN's involvement in the design and planning of the intersection constituted "professional services," which precluded coverage for claims such as that asserted against Witkin with regard to the Accident. A true and accurate copy of TRAVELERS' letter dated April 30, 2015 is attached hereto as **Exhibit C**.

19. The Policies contain similar exclusions in endorsements entitled *"Exclusion – Engineers, Architects or Surveyors Professional Liability,"* which purport to exclude coverage for bodily injury arising out of the insureds' rendering of or failure to render "professional services" ("PS Exclusion(s)").

20. The PS Exclusion in the CGL Policy states in pertinent part:

> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> 1. The following is added to Paragraph 2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY in COVERAGES (Section I):
>    Professional Services
>    "Bodily injury" or "property damage" arising out of the rendering of or failure to render any "professional services".
>
> 2. The following is added to Paragraph 2. Exclusions of COVERAGE B PERSONAL INJURY, ADVERTISING INJURY AND WEB SITE INJURY LIABILITY of the WEB XTEND LIABILITY Endorsement:
>    Professional Services
>    "Personal injury", "advertising injury" or "web site injury" arising out of the rendering of or failure to render any "professional services".

21. The PS Exclusion in the Excess Policy states in pertinent part:

> This endorsement modifies insurance provided under the following:
> COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE
>
> 1. The following is added to Paragraph 3. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE; and COVERAGE B

> PERSONAL INJURY AND ADVERTISING INJURY in COVERAGES (Section I):
> Professional Services
> "Bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the rendering of or failure to render any "professional services".

22. The PS Exclusions both state, "All other terms of your policy remain the same."

23. A Third Amended Complaint was filed in the Litigation, attached hereto as **Exhibit D**, and the claims against Witkin set forth therein were nearly identical to those previously alleged in the Second Amended Complaint.

24. Per TRAVELERS' request that it be provided any subsequent complaints filed in the Litigation, WITKIN provided TRAVELERS a copy of the Third Amended Complaint, and TRAVELERS reasserted its position denying any obligation to provide Witkin a defense and indemnity in the Litigation, in a letter dated December 3, 2015, attached hereto as **Exhibit E**.

25. WITKIN has been harmed as a direct and proximate result of TRAVELERS' denial of indemnification and a defense, continues to suffer damages as a result of TRAVELERS' denial of coverage, and has been obligated to retain undersigned counsel to bring this action and, pursuant to §627.428, Fla. Stat. (2015), WITKIN is entitled to payment of its attorney's fees and costs by TRAVELERS.

26. In the alternative, if TRAVELERS' denial of coverage is justified, BROWN & BROWN breached its fiduciary duty to WITKIN by failing to inform and explain the coverage procured and/or was negligent in failing to procure the proper insurance for WITKIN.


CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

27. Further, if TRAVELERS' denial of coverage is justified, WITKIN has been harmed as a direct and proximate result of BROWN & BROWN's breach of fiduciary duty and negligence, and continues to suffer damages as a result.

**COUNT I**
**DECLARATORY JUDGMENT OF COVERAGE UNDER THE POLICIES**

WITKIN re-alleges paragraphs 1 through 25 as though fully set forth herein and further alleges:

28. A bona fide controversy exists between WITKIN and TRAVELERS concerning the interpretation and application of the Policies, in particular TRAVELERS' duty to defend and indemnify WITKIN in the Litigation.

29. WITKIN has good faith doubts as to its rights under the Policies as a result of TRAVELERS' denial of coverage based on the purported application of some provisions and disregard of others, in denying coverage of WITKIN's claim.

30. Specifically, WITKIN is in doubt as to TRAVELERS' use of the PS Exclusions in relation the exclusions' applicability to injuries arising out of WITKIN's completed work.

31. TRAVELERS' denial of WITKIN's claim is based entirely upon the assertion that the PS Exclusions operate to exclude WITKIN's claim from coverage under the Policies.

32. More specifically, TRAVELERS contends that coverage for the claims against WITKIN in the Litigation is excluded because the injuries alleged in the Amended Complaint "[arose] out of [Witkin's] rendering of…'professional services.'"[3]

33. The common denominator for virtually any possible claim against WITKIN that could be reported to TRAVELERS under the Policies would relate to the

[3] *See* Exhibit C.

rendition of WITKIN's landscape architectural services, which are WITKIN's only business. Accordingly, TRAVELERS contends that the PS Exclusions operate to exclude coverage for virtually any CGL claims of any nature that could possibly be asserted against WITKIN by any claimant for any reason based on any facts. WITKIN is in doubt that is how the PS Exclusion applies under Florida law, as it would appear to make the Policies illusory.

34. WITKIN is also in doubt as to the applicability of the Policies' Products-Completed Operations ("PCO") coverage in regard to the claims asserted against WITKIN in the Litigation arising from work long-completed by Witkin.

35. The Policies' PCO coverage applies "[w]hen all of the work called for in [WITKIN's] contract has been completed," and provides a limit of $2,000,000.00 under the CGL Policy, and $1,000,000.000 under the Excess Policy.

36. The existence or nonexistence of WITKIN's right to coverage in the Litigation and TRAVELERS' corresponding duty to defend and indemnify WITKIN, depend on (1) whether TRAVELERS' application of the PS Exclusions was erroneous, and (2) the applicability of the Policies' PCO coverages.

37. TRAVELERS' interest in not defending and indemnifying WITKIN in the Litigation is adverse to WITKIN's right to be defended and indemnified in same, and the parties have a bona fide, actual, present, and practical need for the declaration.

38. Therefore, construction of the Policies is necessary to determine WITKIN's rights and the legal effects and consequences of those rights in relation to the underlying Litigation.

39. All conditions precedent to bringing this action have been performed by WITKIN, occurred, and/or been waived.

WHEREFORE, WITKIN respectfully requests that this Honorable Court enter a declaratory judgment declaring that:

A) Pursuant to the terms and conditions of the Policies, WITKIN has a valid and enforceable right to coverage with regard to the Litigation.

B) The PS Exclusions do not operate to exclude coverage to WITKIN under the Policies with regard to the Litigation.

C) TRAVELERS is obligated under the Policies to indemnify WITKIN with regard to the Litigation.

D) The allegations in the Second Amended Complaint created a duty for TRAVELERS to defend WITKIN under the Policies with regard to the Litigation.

E) The allegations in the Third Amended Complaint created a duty for TRAVELERS to defend WITKIN under the Policies with regard to the Litigation.

F) WITKIN is entitled to an award of its reasonable attorney's fees and costs in bringing this action against TRAVELERS, pursuant to § 627.428, Florida Statutes.

**COUNT II**
**BREACH OF CONTRACT AGAINST TRAVELERS**

WITKIN re-alleges paragraphs 1 through 25 as though fully set forth herein, and further alleges:

40. At all relevant times, WITKIN was covered by the Policies issued by TRAVELERS, including on the date of the Accident.

41. On or about March 28, 2013, the Decedent suffered a bodily injury, which is alleged in the Litigation to have resulted from WITKIN's completed work on


CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

the Intersection, and the Policies obligate Travelers to indemnify and defend WITKIN against such claims.

42. Upon receipt of service of process in the Litigation, WITKIN sought coverage from TRAVELERS to indemnify and defend against the claims asserted against WITKIN, and TRAVELERS denied coverage.

43. TRAVELERS' denial was a breach of the Policies, including breach of TRAVELERS' duty to defend WITKIN and obligation to indemnify WITKIN in the Litigation.

44. WITKIN has been damaged as a result of TRAVELERS' denial and the corresponding breach of the Policies.

45. Under Florida law, an insurer's duty to defend is determined solely by the claimant's complaint if suit has been filed.

46. Both the Second and Third Amended Complaints set forth allegations against Witkin that could not qualify as "professional services" under the PS EXCLUSIONS, such as allegations relating to negligent "construction" by WITKIN, but TRAVELERS denied even the duty to defend WITKIN.

47. TRAVELERS' denial of WITKIN's claim is based entirely upon the assertion that the PS Exclusions operate to exclude WITKIN's claim from coverage under the Policies.

48. More specifically, TRAVELERS contends that coverage for the claims against WITKIN in the Litigation is excluded because the injuries alleged in the Amended Complaint "[arose] out of [WITKIN's] rendering of…'professional services.'"[4] However, the Accident is alleged to have occurred over a decade after WITKIN rendered its services, not while WITKIN was rendering them.

---

[4] *See* Exhibit C.



CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

49. The Policies' PCO coverage applies "[w]hen all of the work called for in [WITKIN's] contract has been completed," and provides a limit of $2,000,000.00 under the CGL Policy, and $1,000,000.000 under the Excess Policy.

50. PCO coverage would not be impacted in any way by the Policies' PS Exclusions, both of which make no reference to PCO coverage and state, "All other terms of [WITKIN's] policy remain the same."

51. Well-settled Florida law states that "[i]nsurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007). The plain meaning of the Policies preclude the purported use of the PS Exclusions as an opportunity for TRAVELERS to wrongfully deny coverage to WITKIN. TRAVELERS' argument in favor of a tortured interpretation of the Policies' language would, at most, serve to cast doubt on the applicability of the PS Exclusions to deny PCO coverage. However, Florida law is clear that in the event of any ambiguity concerning coverage or the applicability of an exclusion, the Policies must be construed in favor of WITKIN, and therefore in favor of confirmation of coverage with regard to the Litigation.

52. All conditions precedent to bringing this action have been performed by WITKIN, occurred, and/or been waived.

WHEREFORE, WITKIN respectfully requests that this Honorable Court enter judgment against TRAVELERS, and award WITKIN damages, interest, costs, attorney's fees, pursuant to § 627.428, Florida Statutes, and any further relief this Court deems just and proper.

**COUNT III**
**BREACH OF FIDUCIARY DUTY AGAINST BROWN & BROWN**

WITKIN re-alleges paragraphs 1 through 27 as though fully set forth herein and further alleges:

53. BROWN & BROWN had a fiduciary duty to inform and explain to WITKIN the coverage it was providing.

54. "Florida law has long recognized that an insurance broker owes a fiduciary duty of care to the insured." *Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc.*, 991 F. Supp. 2d 1271, 1279-1280 (S.D. Fla. 2014). This fiduciary duty "imposes an obligation on the broker to inform and explain the coverage it has secured at the client's direction[.]" *Id.* at 1280.

55. After being solicited by BROWN & BROWN in 1993, WITKIN placed its trust in BROWN & BROWN to acquire the proper type of insurance to cover potential liability stemming from WITKIN's landscape architecture work.

56. However, in breach of its duty, BROWN & BROWN failed to obtain appropriate coverage for WITKIN and failed to adequately explain the coverage procured to WITKIN. In particular, BROWN & BROWN failed to advise WITKIN that it was not procuring coverage for the type of potential liability asserted against WITKIN in the Litigation. WITKIN, having never retained another insurance broker, fully relied on BROWN & BROWN's assurances that WITKIN was properly covered.

57. TRAVELERS' denial to defend WITKIN in the Litigation demonstrates that the Policies procured for WITKIN by BROWN & BROWN were inadequate.

58. Had BROWN & BROWN carried out its fiduciary obligation of explaining the coverage procured, the inadequacy of the policies could have been remedied prior to WITKIN's exposure to liability.


CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

59. As a direct and proximate result of this breach of duty, WITKIN has been denied coverage by TRAVELERS with regard to the Litigation and has suffered damages defending itself in the Litigation.

60. All conditions precedent to bringing this action have been performed by WITKIN, occurred, and/or been waived.

WHEREFORE, WITKIN respectfully requests that this Honorable Court enter judgment against BROWN & BROWN, and award WITKIN damages (including attorney's fees incurred by WITKIN as a result of BROWN & BROWN's failure to procure coverage), costs, interest, and any further relief this Court deems just and proper.

**COUNT IV**
**NEGLIGENCE IN FAILING TO PROCURE PROPER INSURANCE AGAINST BROWN & BROWN**

WITKIN re-alleges paragraphs 1 through 27 as though fully set forth herein and further alleges:

61. BROWN & BROWN failed to use reasonable care and diligence in procuring the proper insurance policies for WITKIN.

62. "In addition to the obligations imposed by virtue of the broker's fiduciary status, Florida law imposes a separate duty of care upon a broker, requiring it to use reasonable care in the procurement of requested insurance coverage." *Tiara*, 991 F. Supp. 2d at 1280.

63. After soliciting WITKIN's business, BROWN & BROWN undertook the responsibility of procuring proper insurance coverage for the landscape architecture and planning work done by WTIKIN.


CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

64. BROWN & BROWN was fully aware of the nature of WITKIN's work and, yet, failed to use reasonable diligence in attempting to obtain insurance policies that would protect against claims for personal or bodily injury arising from WITKIN's work.

65. Having never obtained coverage, WITKIN fully relied on BROWN & BROWN's recommendations and actions, which warranted WITKIN's assumption that it was properly insured.

66. As demonstrated by TRAVELERS' refusal to indemnify and defend WITKIN in the Litigation, the Policies procured were inadequate to shield WITKIN from liability.

67. Thus, BROWN & BROWN is liable for the resulting damages to WITKIN that resulted from BROWN & BROWN's negligence in failing to procure proper insurance.

68. All conditions precedent to bringing this action have been performed by WITKIN, occurred, and/or been waived.

WHEREFORE, WITKIN respectfully requests that this Honorable Court enter judgment against BROWN & BROWN, and award WITKIN damages (including attorney's fees incurred by WITKIN as a result of BROWN & BROWN's failure to procure coverage), interest, costs, and any further relief this Court deems just and proper.

**Demand for Jury Trial**

WITKIN hereby demands trial by jury on all issues triable as of right by a jury.



CHEPENIK | TRUSHIN LLP
12550 Biscayne Boulevard, Suite 805 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979
www.ctllp.com

Respectfully submitted this 7th day of December, 2015.

CHEPENIK TRUSHIN LLP
Attorneys for Plaintiff Witkin
Design Group, Inc.
12550 Biscayne Blvd., Suite 805
North Miami, FL 33181
Tele: (305) 981-8889
Fax: (305) 405-7979

/s/ Bradley H. Trushin
Bradley H. Trushin, Esq.
Florida Bar No.: 816371
Primary e-mail: btrushin@ctllp.com
Secondary e-mail: service@ctllp.com
Daniel F. Bachman, Esq.
Florida Bar No.: 97786
Primary e-mail: dbachman@ctllp.com
Secondary e-mail: dhaley@ctllp.com

# Exhibit A

Filing # 24842324 E-Filed 03/13/2015 10:18:47 AM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-000011

MARIA CAROLINA CORTINAS, individually, and as Personal Representative of the Estate of JOSE A. SCOTT, deceased, and on behalf of the Statutory Survivor, RAPHAEL I. SCOTT, and MARIA CAROLINA CORTINAS, as natural parent and guardian of JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS, minors; and GUSTAVO L. CORTINAS, individually,

Plaintiffs,

vs.

LAKISHA D. CONEY; KEVIN S. CONEY; VIZCAYA COMMUNITY ASSOCIATION, INC. f/k/a SANTORINI AT VIZCAYA COMMUNITY ASSOCIATION, INC.; CALVIN, GIORDANO & ASSOCIATES, INC.; SOUTHERN HOMES OF BROWARD IV, L.L.C.; YATES & COMPANY, L.L.C.; BGA DESIGN GROUP; KEITH & BALLBE, INC.; and WITKIN DESIGN GROUP, INC.,

Defendants.

______________________________________ /

**SECOND AMENDED COMPLAINT**
**FOR WRONGFUL DEATH AND INDIVIDUAL CLAIMS**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs, MARIA CAROLINA CORTINAS, individually, and as Personal Representative of the Estate of JOSE A. SCOTT, deceased, and on behalf of the Statutory Survivor RAPHAEL I. SCOTT and as mother, natural parent, and guardian of

CASE NO.: CACE 14-000011

JUAN I. SCOTT, individually; MATHIAS G. CORTINAS individually; ALAN G. CORTINAS, individually; and GUSTAVO L. CORTINAS, individually, through their undersigned attorneys, herein sue Defendants, LAKISHA D. CONEY; KEVIN S. CONEY; VIZCAYA COMMUNITY ASSOCIATION, INC. f/k/a SANTORINI AT VIZCAYA COMMUNITY ASSOCIATION, INC. ("VIZCAYA"); CALVIN, GIORDANO & ASSOCIATES, INC. ("CGA"); SOUTHERN HOMES OF BROWARD IV, L.L.C. ("SOUTHERN"); YATES & COMPANY, L.L.C. ("YATES"); BGA DESIGN GROUP ("BGA"); KEITH & BALLBE, INC. ("KEITH & BALLBE"); and WITKIN DESIGN GROUP, INC. ("WITKIN"). In support of this lawsuit, Plaintiffs allege as follows:

**JURISDICTION AND IDENTIFICATION OF PARTIES**

1. The accident forming the subject matter of this lawsuit occurred on March 28, 2013, and involves the wrongful death of the minor, JOSE A. SCOTT.

2. All causes of action alleged herein arose in Miramar, Broward County, Florida.

3. This action presents a claim for damages far in excess of this Court's minimum jurisdictional limits; to wit, Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

4. At all times material hereto, Defendant, LAKISHA D. CONEY, was and is a resident of Broward County, Florida, and is otherwise *sui juris*. At the time of the accident forming the subject matter of this lawsuit, Defendant, LAKISHA D. CONEY, operated a 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, JOSE A. SCOTT.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

5. At all times material hereto, Defendant, KEVIN S. CONEY, was the owner of the 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, JOSE A. SCOTT, and he was the husband Defendant, LAKISHA D. CONEY. He was and is a resident of Broward County, Florida, and is otherwise *sui juris.*

6. At all times material hereto, Defendant, KEVIN S. CONEY, entrusted Defendant, LAKISHA D. CONEY, with his 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, JOSE A. SCOTT, providing her with permission, consent, privilege, and authorization to operate the vehicle on the day of the accident.

7. At all times related hereto, Defendant, LAKISHA D. CONEY, operated the motor vehicle with the knowledge, permission, approval, and consent of the owner and Defendant, KEVIN S. CONEY, within Broward County, Florida.

8. At all times related hereto, Defendant, VIZCAYA, was and is a Florida non-profit corporation with its principal address located in Miramar, Florida, and is otherwise *sui juris.* VIZCAYA was formerly known as Santorini at Vizcaya Community Association, Inc., with its name being changed to Vizcaya Community Association, Inc. on January 29, 2004. VIZCAYA is sued in its corporate capacity as well as successor-in-interest to SANTORINI AT VIZCAYA COMMUNITY ASSOCIATION, INC. To the extent that Vizcaya Community Association still exists it too is sued in its separate capacity. (Together these entities are referred to herein as VIZCAYA).

9. At all times related hereto, Defendant, CGA, was and is a Florida corporation with its principal address located in Hollywood, Florida, and is otherwise *sui juris.* Defendant, CGA, was responsible for the engineering, surveying and planning

of the residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

10. At all times related hereto, Defendant, SOUTHERN, was a Florida corporation with its principal address located in Miami, Florida, and is otherwise *sui juris*. Defendant, SOUTHERN, was the owner/developer of the residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

11. At all times related hereto, Defendant, YATES, was and is a Florida corporation with its principal address located in Coral Gables, Florida, and is otherwise *sui juris*. Defendant, YATES, was the development consultant of the residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

12. At all times related hereto, Defendant, BGA, was a Florida corporation with its principal address located in Miami, Florida, and is otherwise *sui juris*. Defendant, BGA, was the architect of the residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

13. At all times related hereto, Defendant, KEITH & BALLBE, was a Florida corporation with its principal address located in Fort Lauderdale, Florida, and is otherwise *sui juris*. Defendant, KEITH & BALLBE, was the civil engineers for the

residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

14. At all times related hereto, Defendant, WITKIN, was and is a Florida corporation with its principal address located in North Miami Beach, Florida, and is otherwise *sui juris*. Defendant, WITKIN, was the landscape architect for the residential community known as Vizcaya Community Association, Inc. which includes the intersection located at S.W. 135th Terrace and 136th Avenue in Miramar, Broward County, Florida.

15. Venue is properly vested in Broward County, Florida, as Defendants are residents and/or do business in Broward County, Florida, and the accident occurred therein.

16. Plaintiff, MARIA C. CORTINAS, is the natural mother of the deceased, JOSE A. SCOTT, and is the Personal Representative of the Estate of JOSE A. SCOTT.

17. At all times material hereto MARIA CAROLINA CORTINAS is the duly appointed Personal Representative of the Estate of JOSE A. SCOTT authorized under Florida law to conduct the affairs of the Estate, to maintain this action and to pursue all matters related to the wrongful death of the minor.

18. Plaintiff, MARIA C. CORTINAS is otherwise *sui juris* and maintains this action on behalf of herself, individually, the Estate of JOSE A. SCOTT, the statutory survivors and also as mother, next friend and guardian for the claims asserted on behalf of minors JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS who



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

also assert individual claims for personal injuries separate and distinct from their claims as statutory survivors.

19. The statutory survivors, whose claims are maintained herein by and through the Personal Representative, MARIA C. CORTINAS are as follows: MARIA C. CORTINAS, the natural mother; RAPHAEL I. SCOTT, the natural father; and the Estate of JOSE A. SCOTT.

20. At all times material hereto, GUSTAVO L. CORTINAS was the stepfather of decedent, JOSE A. SCOTT, and he maintains this action on his own behalf, individually, for his own individual personal injuries.

**FACTS RELATED TO CLAIMS MADE AGAINST LAKISHA D. CONEY AND KEVIN S. CONEY**

21. At all times related hereto, Defendant, LAKISHA D. CONEY, operated a 2011 Buick Enclave, SUV, bearing license plate ATKW15, which was entrusted to her and owned by Defendant, KEVIN S. CONEY.

22. At all times related hereto, Defendant, LAKISHA D. CONEY, had the duty to use reasonable care when on the streets and roadways of Broward County, Florida, while operating a vehicle.

23. At all times related hereto, Defendant, LAKISHA D. CONEY, breached the duty of due care she owed by failing to maintain a proper lookout, by committing actionable negligence, and by otherwise failing to obey the existing rules of the road for reasonable safe driving, any and/or all of which resulted in the wrongful death of the minor child, JOSE A. SCOTT.

24. Specifically, on March 28, 2013, at approximately 5:45 p.m., eleven year old, JOSE A. SCOTT was playing in his family's home neighborhood near his home. At

that time and date, LAKISHA D. CONEY negligently maintained her vehicle at the intersection of S.W. 135th Terrace and 136th Avenue, including traveling into the wrong lane of travel wherein she ran over JOSE A. SCOTT causing his tragic death. ALAN CORTINAS was present when the accident happened and witnessed the horrific events as they occurred.

25. At all times related hereto, Defendant, LAKISHA D. CONEY, negligently maintained, operated, and/or controlled her vehicle, the consequences of which caused the wrongful death of JOSE A. SCOTT.

26. At the time of the accident, the 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, was and is considered a dangerous instrumentality and it was operated with the knowledge, consent, permission, and authorization of its owner, KEVIN S. CONEY.

27. As a direct and proximate result of the negligence of Defendant, LAKISHA D. CONEY, Plaintiffs all sustained damages as hereinafter stated and Defendant, LAKISHA D. CONEY, is liable for the accident.

28. In addition thereto, the owner of the vehicle, KEVIN S. CONEY, is vicariously liable for any or all such negligence under the dangerous instrumentality doctrine as the owner of the vehicle and by virtue of his act of providing permission to operate the vehicle to its driver.

**FACTS RELATED TO CLAIMS MADE AGAINST VIZCAYA, CGA, SOUTHERN, YATES, BGA AND WITKIN**

29. The Vizcaya Community Association is currently a home development community which includes the intersection at S.W. 135th Terrace and S.W. 136th Avenue in Miramar, Broward County, Florida (hereinafter referred to as "the intersection"). The Vizcaya community was previously known as Santorini at Vizcaya Community Association, Inc.

30. At all times material to this lawsuit VIZCAYA, CGA, SOUTHERN, YATES, BGA and WITKIN were the companies, entities and/or organizations that engineered, surveyed, planned, developed, constructed, designed and maintained the residential community including the intersection where the accident occurred.

31. Prior to March 28, 2013, Defendants, VIZCAYA, CGA, SOUTHERN, YATES, BGA and WITKIN committed actionable negligence by designing, creating and/or maintaining the intersection in a dangerous, deceptive and confusing manner as alleged herein.

32. In this regard, VIZCAYA, CGA, SOUTHERN, YATES, BGA and WITKIN permitted the intersection to be obstructed and/or blocked in such a way as to destroy the required site triangle that is required by law.

33. Moreover, the Defendants, VIZCAYA, CGA, SOUTHERN, YATES, BGA and WITKIN otherwise designed, constructed and/or maintained the intersection's operation so the intersection actually forced motorists, turning left onto S.W. 136th Avenue, to turn onto the wrong lanes of travel. The effect of the Defendants' actions caused unreasonable risk of harm to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue, especially the decedent, who was



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

tragically killed as a proximate result thereof. In addition thereto the wrongful conduct of the Defendants through their design, construction and/or maintenance of the intersection was in violation of existing building ordinances and codes, all of which proximately caused the accident.

34. As a consequence of the Defendants, VIZCAYA, CGA, SOUTHERN, YATES, BGA and WITKIN's conduct, all Defendants committed actionable negligence and Plaintiffs' sustained damages as a result thereof.

**FACTS RELATING TO CLAIMS OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

35. At the time of the accident, ALAN G. CORTINAS, the brother of the decedent, JOSE A. SCOTT, was present when the accident occurred and personally observed his brother being struck, run over and killed. ALAN G. CORTINAS remained at the scene of the accident and witnessed the ongoing tragic events as they occurred.

36. Immediately after the occurrence of the accident and prior to the untimely death of JOSE A. SCOTT, his stepfather, GUSTAVO L. CORTINAS; his natural mother, MARIA C. CORTINAS; and his brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS were alerted to the commotion and disturbances at the accident's location.

37. Immediately thereafter, JOSE A. SCOTT's family members, GUSTAVO L. CORTINAS, MARIA C. CORTINAS, JUAN I. SCOTT and MATHIAS G. CORTINAS all rushed to the accident's location where young JOSE A. SCOTT lay bleeding, bruised and mangled. The family members, GUSTAVO L. CORTINAS, MARIA C. CORTINAS, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were thereafter present for the immediate aftermath of the events that occurred.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

38. Tragically, the vehicle had significantly crushed JOSE A. SCOTT, and his body was badly mangled. Jose's family members, GUSTAVO L. CORTINAS, MARIA C. CORTINAS, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all viewed, witnessed, and observed Jose's body and were part of the events unfolding at the accident scene from immediately after the crash until young Jose was removed from the crash's location by a trauma helicopter.

39. In this regard, the family members witnessed the horrific events, during the time police and rescue were called, while attempts were made to treat and resuscitate Jose, and while the trauma helicopter was called, arrived, and left the scene to transport him to a trauma hospital. Moreover, the individual family members all took part and actually interacted in the events surrounding the horrific accident scene. Thereafter, GUSTAVO L. CORTINAS, MARIA C. CORTINAS, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all rushed to the hospital where immediately after arriving they were all informed that Jose had been pronounced dead.

40. By reason of the aforesaid catastrophic and horrific accident, JOSE A. SCOTT was killed, and Plaintiffs sustained physical manifestations of personal injuries, losses and damages as hereinafter set forth and for which Defendants are legally responsible.

**COUNT I**

**CLAIM FOR WRONGFUL DEATH AGAINST LAKISHA D. CONEY THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS**

41. All paragraphs hereinbefore stated and numbered 1 through 28 are herein reasserted and restated as if pled in their entirety.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

42. As a direct and proximate result of the negligence of Defendant, LAKISHA D. CONEY, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER, AND THE ESTATE OF JOSE A SCOTT**

43. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

44. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

45. As a result of the death of JOSE A. SCOTT his estate incurred medical and funeral expenses which are payable by the Defendant.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as the Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL I. SCOTT, THE DECEDENT'S NATURAL FATHER**

46. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL I.

SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

47. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

48. In addition thereto the Decedent's father also incurred expenses related to the funeral and burial for which claim is made.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, as Personal Representative on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

## COUNT II

## CLAIM FOR WRONGFUL DEATH AGAINST KEVIN S. CONEY THROUGH THE PERSONAL REPRESENTATIVE AND ON BEHALF OF ALL STATUTORY SURVIVORS

49. All paragraphs hereinbefore stated and numbered 1 through 28 are herein reasserted and restated as if pled in their entirety.

50. As a direct and proximate result of the doctrine of vicarious liability Defendant, KEVIN S. CONEY, is liable for all damages related to the death of the minor decedent, JOSE A. SCOTT, and the statutory survivors are entitled to damages against him as hereafter alleged:



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**CLAIM OF THE PERSONAL REPRESENTATIVE AGAINST KEVIN S. CONEY ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND THE ESTATE OF JOSE A. SCOTT**

51. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

52. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

53. As a result of the death of JOSE A. SCOTT his estate incurred medical and funeral expenses which are payable by the Defendant

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL I. SCOTT, THE DECEDENT'S NATURAL FATHER AGAINST KEVIN S. CONEY**

54. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL I. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

55. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

56. In addition thereto the Decedent's father also incurred expenses related to the funeral and burial for which claim is made.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, as Personal Representative on behalf of RAPHAEL I. SCOTT as statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**COUNT III**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST LAKISHA D. CONEY**

57. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are herein reasserted and restated as if pled in their entirety.

58. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

59. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

60. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

61. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the Coney vehicle in the street, having just run over the minor, and where JOSE A. SCOTT's body laid crushed, battered and bloodied.

62. GUSTAVO L. CORTINAS was part of the immediate aftermath of the events occurring while the emergency rescue was called, arrived and attempted to resuscitate the child through the time the minor was airlifted by helicopter.

63. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

64. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly

and proximately caused by LAKISHA D. CONEY as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, LAKISHA D. CONE, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT IV

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST KEVIN S. CONEY FOR VICARIOUS LIABILITY

65. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are restated as if pled in their entirety.

66. At all times material hereto, Defendant, KEVIN S. CONEY, entrusted Defendant, LAKISHA D. CONEY, with his 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, JOSE A. SCOTT, providing her with permission, consent, privilege, and authorization to operate the vehicle on the day of the accident.

67. At all times related hereto, Defendant, LAKISHA D. CONEY, operated the motor vehicle with the knowledge, permission, approval, and consent of the owner and Defendant, KEVIN S. CONEY, within Broward County, Florida.

68. As a consequence of being the owner of the vehicle involved in the accident and by virtue of providing the driver of that vehicle with permission to operate it, Defendant, KEVIN S. CONEY, is vicariously liable for all damages caused by the operator.

69. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident, arriving at the accident scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, KEVIN S. CONEY for his vicarious liability for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**COUNT V**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST LAKISHA D. CONEY**

70. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are herein reasserted and restated as if pled in their entirety.

71. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

72. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the Coney vehicle in the street and where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured. MARIA C. CORTINAS watched her husband, GUSTAVO L. CORTINAS, attempted to render aid to her dying son while he held JOSE A. SCOTT's mangled and bloodied body in his arms. Additionally, MARIA CAROLINA CORTINAS, also assisted in rendering aid to her son at the accident's scene in attempt to care for the serious and life threatening injuries the minor sustained as a result of being run over by a sport utility vehicle.

73. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

74. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

75. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

76. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering,

disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

## COUNT VI

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S MOTHER, MARIA CAROLINA CORTINAS AGAINST KEVIN S. CONEY FOR VICARIOUS LIABILITY

77. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are herein reasserted and restated as if pled in their entirety.

78. At all times material hereto, Defendant, KEVIN S. CONEY, entrusted Defendant, LAKISHA D. CONEY, with his 2011 Buick Enclave sports utility vehicle which caused the death of the decedent, JOSE A. SCOTT, providing her with permission, consent, privilege, and authorization to operate the vehicle on the day of the accident.

79. At all times related hereto, Defendant, LAKISHA D. CONEY, operated the motor vehicle with the knowledge, permission, approval, and consent of the owner and Defendant, KEVIN S. CONEY, within Broward County, Florida.

80. As a consequence of being the owner of the vehicle involved in the accident and by virtue of providing the driver of that vehicle with permission to operate it, Defendant, KEVIN S. CONEY, is vicariously liable for all damages caused by the operator.

81. Specifically, Plaintiff, MARIA CAROLINA CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, the Plaintiff suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and by which Defendant, KEVIN S. CONEY is vicariously liable as indicated herein above, sustaining a physical manifestation of injury and/or a permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, demands judgment against Defendant, KEVIN S. CONEY for his vicarious liability for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

**COUNT VII**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS AND ALAN G. CORTINAS AGAINST LAKISHA D. CONEY**

82. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are herein reasserted and restated as if pled in their entirety.

**CLAIM OF JUAN I. SCOTT**

83. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

84. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

85. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D.

CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

86. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

87. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

88. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

89. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

90. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

91. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT VIII

## CLAIM OF VICARIOUS LIABILITY FOR THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS AND ALAN G. CORTINAS AGAINST KEVIN S. CONEY

92. All paragraphs hereinbefore stated and numbered 1 through 28 and 35 through 40 are herein restated as if pled in their entirety.

**CLAIM OF JUAN I. SCOTT**

93. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

94. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

95. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D.

CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

96. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT; and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

97. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

98. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

99. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

100. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

101. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT IX

## CLAIM FOR WRONGFUL DEATH AGAINST VIZCAYA THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS

102. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

103. At all times material to this Complaint, Defendant, VIZCAYA COMMUNITY ASSOCIATION, INC. ("VIZCAYA"), had control and maintained that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner so as to create a deceptive and confusing condition by creating and/or maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue onto the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

104. In addition thereto, VIZCAYA maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Maintaining an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By maintaining the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Maintaining the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Maintaining an intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Maintaining an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By maintaining an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly maintaining an intersection free from unreasonable risk of danger.

105. As a direct and proximate result of the negligence of Defendant, VIZCAYA, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

106. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

107. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

108. As a direct and proximate result of the negligence, MARIA CAROLINA CORTINAS, as Personal Representative of the Estate, requests damages on behalf of the Estate for all compensable damages.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

109. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

110. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

111. In addition thereto, the natural father incurred funeral and burial expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

## COUNT X

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST VIZCAYA

112. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

113. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

114. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

115. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

116. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the Coney vehicle in the street,

having just run over the minor, and where JOSE A. SCOTT's body laid crushed, battered and bloodied.

117. GUSTAVO L. CORTINAS immediately attempted to render aide to the minor child, lifting and holding him in his arms at the accident's location.

118. GUSTAVO L. CORTINAS was part of the immediate aftermath of the events occurring and remained with the child through the time the minor was airlifted by helicopter.

119. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

120. At all times material to this Complaint, Defendant, VIZCAYA COMMUNITY ASSOCIATION, INC. ("VIZCAYA"), had maintained that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

121. In addition thereto, VIZCAYA designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Maintaining an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. Maintaining the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Maintaining the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Maintaining the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Maintaining the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Maintaining an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By maintaining an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

122. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability

and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, VIZCAYA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XI

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST VIZCAYA

123. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

124. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

125. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

she came upon the accident's scene where JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

126. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

127. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

128. At all times material to this Complaint, Defendant, VIZCAYA COMMUNITY ASSOCIATION, INC. ("VIZCAYA"), had maintained that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

129. In addition thereto, VIZCAYA maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Maintaining an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. Maintaining the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Maintaining the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Maintaining the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Maintaining the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

F. Maintaining an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By maintaining an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

130. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

131. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA's

actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, VIZCAYA, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

**COUNT XII**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST VIZCAYA**

132. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

133. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

134. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened, including being present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT,

MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

135. At all times material to this Complaint, Defendant, VIZCAYA COMMUNITY ASSOCIATION, INC. ("VIZCAYA") maintained that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

136. In addition thereto, VIZCAYA maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Maintaining an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. Maintaining the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Maintaining the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Maintaining the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Maintaining the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Maintaining a unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

137. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

138. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident.

139. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

**CLAIM OF JUAN I. SCOTT**

140. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

141. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

142. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, VIZCAYA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

143. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

144. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

145. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, VIZCAYA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

146. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

147. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

148. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by VIZCAYA and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, VIZCAYA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XIII**

**CLAIM FOR WRONGFUL DEATH AGAINST CGA THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS**

149. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

150. At all times material to this Complaint, Defendant, CALVIN, GIORDANO & ASSOCIATES, INC. ("CGA"), had engineered, surveyed, planned, control, constructed and/or developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

151. In addition thereto, CGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

152. As a direct and proximate result of the negligence of Defendant, CGA, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND THE ESTATE**

153. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

154. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

155. As a further direct and proximate result of the negligence the Estate incurred expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and Personal Representative of the Estate requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

156. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

157. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

158. As a consequence of the negligence the natural father also incurred funeral and burial expenses.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

## COUNT XIV

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST CGA

159. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

160. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

161. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

162. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

163. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.

164. GUSTAVO L. CORTINAS was part of the immediate aftermath of the events occurring and was present while the emergency rescue was called, arrived and attempted to resuscitate the child through the time the minor was airlifted by helicopter.

165. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

166. At all times material to this Complaint, Defendant, CALVIN, GIORDANO & ASSOCIATES, INC. ("CGA"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

167. In addition thereto, CGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

168. GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by CGA as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, CGA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XV**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST CGA**

169. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

170. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

171. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

172. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

173. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

174. At all times material to this Complaint, Defendant, CALVIN, GIORDANO & ASSOCIATES, INC. ("CGA"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

175. In addition thereto, CGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

176. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

177. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by CGA's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, CGA, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

**COUNT XVI**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST CGA**

178. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

179. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

180. Upon hearing the commotion, JUAN I. SCOTT and MATHIAS G. CORTINAS immediately traveled to the accident's location where they came upon the Coney vehicle in the street, having just run over their brother, and where JOSE A. SCOTT's body laid crushed, mangled, battered and bloodied.

181. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened, including attempting to render assistance to their dying brother and standing by witnessing the events. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

182. At all times material to this Complaint, Defendant, CALVIN, GIORDANO & ASSOCIATES, INC. ("CGA"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

183. In addition thereto, CGA designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

184. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

185. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by CGA as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**CLAIM OF JUAN I. SCOTT**

186. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

187. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

188. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

189. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

190. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

191. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

192. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

193. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

194. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XVII

## CLAIM FOR WRONGFUL DEATH AGAINST SOUTHERN THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS

195. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

196. At all times material to this Complaint, Defendant, SOUTHERN HOMES OF BROWARD IV, L.L.C. ("SOUTHERN"), had engineered, surveyed, planned, control, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

197. In addition thereto, SOUTHERN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

198. As a direct and proximate result of the negligence of Defendant, SOUTHERN, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

199. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

200. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

201. As a further direct and proximate result of the negligence, the Estate incurred expenses and losses.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

202. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A.

SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

203. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

204. The natural father also incurred funeral and burial expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**COUNT XVIII**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST SOUTHERN**

205. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

206. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

207. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L.

CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

208. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

209. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident's scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.

210. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

211. At all times material to this Complaint, Defendant, SOUTHERN HOMES OF BROWARD IV, L.L.C. ("SOUTHERN"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and

danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

212. In addition thereto, SOUTHERN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

213. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking

part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by SOUTHERN as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, SOUTHERN, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XXIX

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST SOUTHERN

214. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

215. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

guidance. Without question, the two enjoyed a close mother and son loving relationship.

216. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the accident's scene where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

217. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

218. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

219. At all times material to this Complaint, Defendant, SOUTHERN HOMES OF BROWARD IV, L.L.C. ("SOUTHERN"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a

manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

220. In addition thereto, SOUTHERN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

221. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

222. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by SOUTHERN's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, SOUTHERN, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

**COUNT XX**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST SOUTHERN**

223. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

224. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

225. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

226. At all times material to this Complaint, Defendant, SOUTHERN HOMES OF BROWARD IV, L.L.C. ("SOUTHERN"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by

forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

227. In addition thereto, SOUTHERN designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the

intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

228. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

229. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident. In this regard, ALAN G. CORTINAS was present when the accident occurred and witnessed the tragic occurrence, actually seeing the event as it occurred. The two other brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS actually heard the commotion from the accident scene just moments after the collision occurred. Indeed, all three of the brothers, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS heard the accident, were present just moments after the accident happened - while Jose's body lie crushed in the street, and by actually taking part in the tragic and traumatic immediate aftermath of the entire event.

230. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by SOUTHERN as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**CLAIM OF JUAN I. SCOTT**

231. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

232. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

233. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

234. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's

home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

235. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

236. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

CASE NO.: CACE 14-000011

**CLAIM OF ALAN G. CORTINAS**

237. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

238. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

239. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XXI**

**CLAIM FOR WRONGFUL DEATH AGAINST YATES THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS**

240. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

241. At all times material to this Complaint, Defendant, YATES & COMPANY, L.L.C. ("YATES"), had engineered, surveyed, planned, control, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

242. In addition thereto, YATES engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

243. As a direct and proximate result of the negligence of Defendant, YATES, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivor's claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

244. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

245. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

246. As a further direct and proximate result of the negligence, the Estate sustained damages.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

247. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

248. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

249. As a consequence of the negligence the natural father also incurred funeral and burial expenses.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

## COUNT XXII

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST YATES

250. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

251. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

252. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

253. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

254. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

255. GUSTAVO L. CORTINAS was part of the immediate aftermath of the events occurring, and was present while the emergency rescue was called, arrived and attempted to resuscitate the child through the time the minor was airlifted by helicopter.

256. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

257. At all times material to this Complaint, Defendant, YATES & COMPANY, L.L.C. ("YATES"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

258. In addition thereto, YATES engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

259. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by YATES as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of

capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, YATES, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XXIII**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST YATES**

260. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

261. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

262. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the accident scene where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

263. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

264. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

265. At all times material to this Complaint, Defendant, YATES & COMPANY, L.L.C. ("YATES"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

266. In addition thereto, YATES engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th

Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

267. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

268. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by YATES'

actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, YATES, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

## COUNT XXIV

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST YATES

269. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

270. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

271. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT,

MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

272. At all times material to this Complaint, Defendant, YATES & COMPANY, L.L.C. ("YATES"), had engineered, surveyed, planned, controlled, constructed, and/or developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

273. In addition thereto, YATES designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

274. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

275. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident. In this regard, ALAN G. CORTINAS was present when the accident occurred and witnessed the tragic occurrence, actually seeing the event as it occurred. The two other brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS actually heard the commotion from the accident scene just moments after the collision occurred. Indeed, all three of the brothers, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS heard the accident, were present just moments after the accident happened - while Jose's body lie crushed in the street, and by actually taking part in the tragic and traumatic immediate aftermath of the entire event.

276. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by YATES as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

**CLAIM OF JUAN I. SCOTT**

277. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

278. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

279. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the

enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

280. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

281. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

282. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

283. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

284. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

285. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

## COUNT XXV

## CLAIM FOR WRONGFUL DEATH AGAINST BGA THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS

286. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

287. At all times material to this Complaint, Defendant, BGA DESIGN GROUP ("BGA"), had engineered, surveyed, planned, control, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

288. In addition thereto, BGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

289. As a direct and proximate result of the negligence of Defendant, BGA, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

290. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

291. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

292. As a further direct and proximate result of the negligence, the Estate incurred expenses and losses.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

293. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

294. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

295. The natural father also incurred funeral and burial expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

## COUNT XXVI

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST BGA

296. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

297. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

298. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

299. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

300. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident's scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.

301. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

302. At all times material to this Complaint, Defendant, BGA DESIGN GROUP ("BGA"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

303. In addition thereto, BGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

304. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by BGA as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, BGA, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XXVII

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST BGA

305. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

306. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

307. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the accident6 scene where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

308. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and

resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

309. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

310. At all times material to this Complaint, Defendant, BGA DESIGN GROUP ("BGA"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

311. In addition thereto, BGA engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

312. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

313. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by BGA's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish,

loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, BGA, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

## COUNT XXVIII

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST BGA

314. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

315. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

316. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

317. At all times material to this Complaint, Defendant, BGA DESIGN GROUP ("BGA"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

318. In addition thereto, BGA designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the

intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

319. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

320. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident. In this regard, ALAN G. CORTINAS was present when the accident occurred and witnessed the tragic occurrence, actually seeing the event as it occurred. The two other brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS actually heard the commotion from the accident scene just moments after the collision occurred. Indeed, all three of the brothers, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS heard the accident, were present just moments after the accident happened - while Jose's body lie crushed in the street, and by actually taking part in the tragic and traumatic immediate aftermath of the entire event.

321. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by BGA as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of

medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

**CLAIM OF JUAN I. SCOTT**

322. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

323. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

324. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF MATHIAS G. CORTINAS**

325. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

326. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

327. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**CLAIM OF ALAN G. CORTINAS**

328. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

329. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

330. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XXIX

## CLAIM FOR WRONGFUL DEATH AGAINST KEITH & BALLBE THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS

331. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

332. At all times material to this Complaint, Defendant, KEITH & BALLBE, INC. ("KEITH & BALLBE"), had engineered, surveyed, planned, control, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

333. In addition thereto, KEITH & BALLBE engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

334. As a direct and proximate result of the negligence of Defendant, KEITH & BALLBE, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

335. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

336. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

337. As a further direct and proximate result of the negligence, the Estate incurred expenses and losses.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

338. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

339. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

340. The natural father also incurred funeral and burial expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**COUNT XXX**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST KEITH & BALLBE**

341. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

342. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

343. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

344. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

345. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident's scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

346. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

347. At all times material to this Complaint, Defendant, KEITH & BALLBE, INC. ("KEITH & BALLBE"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

348. In addition thereto, KEITH & BALLBE engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

349. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by KEITH & BALLBE as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation.

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, KEITH & BALLBE, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XXXI**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST KEITH & BALLBE**

350. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

351. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

352. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the accident scene where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

353. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and

resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

354. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

355. At all times material to this Complaint, Defendant, KEITH & BALLBE ("KEITH & BALLBE"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

356. In addition thereto, KEITH & BALLBE engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar

which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

357. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

358. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by KEITH & BALLBE's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering,

disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, KEITH & BALLBE, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

**COUNT XXXII**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST KEITH & BALLBE**

359. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

360. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

361. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

362. At all times material to this Complaint, Defendant, KEITH & BALLBE ("KEITH & BALLBE"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

363. In addition thereto, KEITH & BALLBE designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the

intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

364. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

365. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident. In this regard, ALAN G. CORTINAS was present when the accident occurred and witnessed the tragic occurrence, actually seeing the event as it occurred. The two other brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS actually heard the commotion from the accident scene just moments after the collision occurred. Indeed, all three of the brothers, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS heard the accident, were present just moments after the accident happened - while Jose's body lie crushed in the street, and by actually taking part in the tragic and traumatic immediate aftermath of the entire event.

366. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by KEITH & BALLBE as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a

reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

**CLAIM OF JUAN I. SCOTT**

367. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

368. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

369. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

CASE NO.: CACE 14-000011

**CLAIM OF MATHIAS G. CORTINAS**

370. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

371. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

372. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**CLAIM OF ALAN G. CORTINAS**

373. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

374. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

375. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**COUNT XXXIII**

**CLAIM FOR WRONGFUL DEATH AGAINST WITKIN THROUGH THE PERSONAL REPRESENTATIVE ON BEHALF OF ALL STATUTORY SURVIVORS**

376. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 34 are herein reasserted and restated as if pled in their entirety.

377. At all times material to this Complaint, Defendant, WITKIN DESIGN GROUP, INC. ("WITKIN"), had engineered, surveyed, planned, control, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

378. In addition thereto, WITKIN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

379. As a direct and proximate result of the negligence of Defendant, WITKIN, as herein above alleged, the minor decedent, JOSE A. SCOTT, sustained fatal injuries resulting in his horrific death, and the statutory survivors claims are asserted hereafter:

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF MARIA CAROLINA CORTINAS, THE DECEDENT'S NATURAL MOTHER AND ON BEHALF OF THE ESTATE**

380. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's mother, MARIA CAROLINA CORTINAS has in the past suffered and will in the future continue to suffer the loss of services of her minor child.

381. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's mother, MARIA CAROLINA CORTINAS, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

382. As a further direct and proximate result of the negligence, the Estate incurred expenses and losses.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of herself personally as a statutory survivor, and as Personal Representative of the Estate, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**CLAIM OF THE PERSONAL REPRESENTATIVE ON BEHALF OF RAPHAEL A. SCOTT, THE DECEDENT'S NATURAL FATHER**

383. As a direct and proximate result of the negligence as hereinabove alleged, resulting in the death of JOSE A. SCOTT, the Decedent's natural father, RAPHAEL A. SCOTT, has in the past suffered and will in the future continue to suffer the loss of services of his minor child.

384. As a further direct and proximate result of the negligence, as hereinbefore stated, the Decedent's father, RAPHAEL I. SCOTT, has in the past endured and will in the future continue to endure great mental pain and suffering, loss of the ability to enjoy life and other damages as a result of the death of the minor child.

385. The natural father also incurred funeral and burial expenses which are compensable.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, on behalf of RAPHAEL I. SCOTT as a statutory survivor, requests all damages recoverable as a matter of law including all costs and statutory interest appropriately assessed.

**COUNT XXXIV**

**CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF, JOSE A. SCOTT'S STEPFATHER, GUSTAVO L. CORTINAS, INDIVIDUALLY, AGAINST WITKIN**

386. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

387. At all times material to this action, GUSTAVO L. CORTINAS, was the stepfather of the decedent, minor, JOSE A. SCOTT and the minor child lived at home with GUSTAVO L. CORTINAS, where the two enjoyed a close family relationship. At all times related hereto, GUSTAVO L. CORTINAS considered and treated young Jose as his son and served as his stepfather.

388. At all times related hereto GUSTAVO L. CORTINAS and JOSE A. SCOTT enjoyed an extremely close familiar family relationship. In this regard, GUSTAVO L. CORTINAS spent substantial time with JOSE A. SCOTT and cared for and tended to his wellness, health, education, and maintenance. Indeed, through the years GUSTAVO L. CORTINAS cared for the minor's social and psychological well-being, providing the minor with many of the attributes found in a father-son relationship.

389. On March 28, 2013, GUSTAVO L. CORTINAS was with his family at home when he heard loud voices, screams, noises, and other disturbances coming from just down the street from the family's home and arising from where the accident had just occurred.

390. Upon hearing the commotion, GUSTAVO L. CORTINAS, immediately traveled to the accident's location where he came upon the accident's scene where JOSE A. SCOTT's body laid crushed, battered and bloodied.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

391. As a direct consequence of GUSTAVO L. CORTINAS' close family relationship with JOSE A. SCOTT, and because he was directly involved in the events surrounding the tragic accident, GUSTAVO L. CORTINAS sustained mental distress manifested by a physical injury.

392. At all times material to this Complaint, Defendant, WITKIN DESIGN GROUP, INC. ("WITKIN"), had engineered, surveyed, planned, controlled, constructed and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

393. In addition thereto, WITKIN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue where the accident occurred in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the

intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

394. Specifically, Plaintiff, GUSTAVO L. CORTINAS, was involved in the immediacy of the accident by hearing it, by arriving at the accident's scene just minutes after it occurred, by seeing the accident scene as it appeared just moments after the accident happened - while Jose's body laid crushed in the street, and by actually taking part in the tragic and traumatic occurrence's immediate aftermath. As such, GUSTAVO L. CORTINAS suffered a severe discernable manifestation of a physical bodily injury and impairment as a result of the accident. Consequently, Plaintiff, GUSTAVO L. CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by WITKIN as indicated herein above, and sustained permanent personal injury within a reasonable degree of medical probability and suffered severe psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future as well as lost compensation as well as lost compensation.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

WHEREFORE, Plaintiff, GUSTAVO L. CORTINAS, demands judgment against Defendant, WITKIN, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

## COUNT XXXV

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY AND ON BEHALF OF JOSE A. SCOTT'S MOTHER, MARIA C. CORTINAS, INDIVIDUALLY, AGAINST WITKIN

395. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

396. MARIA CAROLINA CORTINAS, decedent's natural mother, enjoyed a close family relationship with the decedent, JOSE A. SCOTT. MARIA CAROLINA CORTINAS gave birth to JOSE A. SCOTT and cared for and tended to his wellness, education, social and psychological needs, providing him with constant motherly guidance. Without question, the two enjoyed a close mother and son loving relationship.

397. On March 28, 2013, MARIA CAROLINA CORTINAS was at home when she, along with her husband and children, heard loud voices, screams, noises, and other loud disturbances coming from the accident's location. Upon hearing the commotion of the accident, MARIA C. CORTINAS went to the accident's location where she came upon the accident's scene where her son, JOSE A SCOTT lay with his body badly mangled, bloodied and injured.

398. MARIA C. CORTINAS witnessed the tragic events of the accident from just minutes after the accident occurred, through the time police and rescue were called, through the time police and ambulances arrived on scene, while attempts to treat and

resuscitate her son Jose were made, while the trauma helicopter was called and arrived, and then, thereafter witnessing the aftermath of the accident. Immediately following the minor's removal from the accident scene, MARIA CAROLINA CORTINAS rushed to the hospital where she was told that her son had been pronounced dead.

399. As a direct and proximate consequence of the decedent's natural mother, MARIA C. CORTINAS' close family relationship with JOSE A. SCOTT, and because she was directly involved in the events surrounding the tragic accident, MARIA CAROLINA CORTINAS sustained a physical manifestation of a personal injury.

400. At all times material to this Complaint, Defendant, WITKIN DESIGN GROUP, INC. ("WITKIN"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

401. In addition thereto, WITKIN engineered, surveyed, planned, designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar

which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

402. Specifically, Plaintiff, MARIA C. CORTINAS, was involved in the immediacy of the incident by seeing, hearing, arriving, partaking, and witnessing the events of the accident, including caring for JOSE A. SCOTT at the scene of the traumatic event. As a direct and proximate cause of the incident, a physical manifestation of a personal injury occurred and a bodily impairment was caused within an immediate period of time following the accident.

403. As such, Plaintiff, MARIA CAROLINA CORTINAS, was injured through the negligent infliction of emotional distress directly and proximately caused by WITKIN's actions as indicated herein above, and she sustained permanent personal injury within a reasonable degree of medical probability and/or suffered a severe manifestation of a physical injury with resulting psychological trauma, a discernible demonstrable bodily injury, severe emotional injury, resulting pain and suffering, disability, mental anguish,

loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future and lost compensation.

WHEREFORE, Plaintiff, MARIA C. CORTINAS, demands judgment against Defendant, WITKIN, for all compensatory damages, costs, interests, and any other damages the Court deem proper under the law.

## COUNT XXXVI

## CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BROUGHT BY MARIA C. CORTINAS, AS MOTHER, NEXT FRIEND AND GUARDIAN ON BEHALF OF JUAN I. SCOTT, MATHIAS G. CORTINAS, AND ALAN G. CORTINAS, AGAINST WITKIN

404. All paragraphs hereinbefore stated and numbered 1 through 20 and 29 through 40 are herein reasserted and restated as if pled in their entirety.

405. At all times material to this action, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were the brothers of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. They all enjoyed a close family relationship and at all times related they shared many brotherly experiences.

406. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all part of the immediate events occurring as they happened. They were also present when the emergency rescue was called, when police and rescue arrived, and while emergency attempts to resuscitate their brother were made. JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were also present when their brother was airlifted by helicopter to the hospital, and they rushed to the hospital with their parents at which time they were told that their brother had been pronounced dead.

407. At all times material to this Complaint, Defendant, WITKIN DESIGN GROUP, INC. ("WITKIN"), had engineered, surveyed, planned, control, constructed, and developed that portion of the residential community at the intersection located at S.W. 135th Terrace and 136th Avenue in Broward County, Florida, in a manner as to create a deceptive and confusing condition by creating, designing and maintaining the intersection so as to block the view of the intersecting street and by forcing motorists to turn onto S.W. 136th Avenue into the wrong lanes of travel. The effect of such negligence was to cause unreasonable risk of harm and danger to pedestrians, bicyclists, motorists, skaters and others who might be located on S.W. 136th Avenue.

408. In addition thereto, WITKIN designed, constructed and maintained the intersection of S.W. 135th Terrace and S.W. 136th Avenue in an unreasonably dangerous condition and breached its duty of care by any or all of the following negligent acts:

A. Creating an unreasonably dangerous condition by causing S.W. 135th Terrace to be a one-way street with a negligently constructed stop bar which crossed the entire length of the street causing vehicles stopping at the bar to proceed in the wrong lanes of travel;

B. By creating the intersection in an unreasonably dangerous condition by allowing inappropriate space and distance between the intersections' angled approach and its relationship to the stop sign forcing vehicles into the wrong lanes of travel;

C. Creating the intersection in an unreasonably dangerous condition by placing palm trees in a manner so that when a motorist is stopped at the

intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

D. Creating the intersection in an unreasonably dangerous condition by placing a fire hydrant in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

E. Creating the intersection in an unreasonably dangerous condition by placing signage in a manner so that when a motorist is stopped at the intersection the view is blocked precluding motorists from viewing pedestrians adjacent to the intersection;

F. Creating an unreasonably dangerous condition by designing, constructing and maintaining the intersection so that it did not appear to be inclusive of a one-way street causing unreasonable risk of harm to pedestrians located adjacent to the intersection;

G. By failing to warn or adequately warn pedestrians of the intersection's traffic flow causing pedestrians to be unaware of the intersection's dangerous propensity to force motorists into the wrong lanes of travel;

H. By failing to design, create and maintain the intersection of S.W. 135th Terrace and S.W. 136th Avenue to comply with existing building ordinances and codes concerning proper sight lines;

I. By constructing and designing an intersection that precluded motorists traveling through the intersection from seeing pedestrians located adjacent to the intersection; and



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

J. By failing to otherwise properly create an intersection free from unreasonable risk of danger.

409. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because their direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all sustained a physical manifestation of a personal injury.

410. Specifically, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all involved in the immediacy of the accident. In this regard, ALAN G. CORTINAS was present when the accident occurred and witnessed the tragic occurrence, actually seeing the event as it occurred. The two other brothers, JUAN I. SCOTT and MATHIAS G. CORTINAS actually heard the commotion from the accident scene just moments after the collision occurred. Indeed, all three of the brothers, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS heard the accident, were present just moments after the accident happened - while Jose's body lie crushed in the street, and by actually taking part in the tragic and traumatic immediate aftermath of the entire event.

411. As a consequence, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS all suffered a severe discernable manifestation of a physical bodily injury and/or personal injury impairment as a result of the accident. Consequently, JUAN I. SCOTT, MATHIAS G. CORTINAS and ALAN G. CORTINAS were all injured through the negligent infliction of emotional distress directly and proximately caused by WITKIN as indicated herein above, and they all sustained permanent personal injuries, discernable personal injuries within a reasonable degree of

medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

**CLAIM OF JUAN I. SCOTT**

1. At all times material to this action JUAN I. SCOTT was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

2. As a direct consequence of the close family relationship with JOSE A. SCOTT, and because of his direct involvement in the events surrounding the tragic accident, JUAN I. SCOTT sustained a physical manifestation of a personal injury.

3. As a consequence, JUAN I. SCOTT was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of JUAN I. SCOTT demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

CASE NO.: CACE 14-000011

**CLAIM OF MATHIAS G. CORTINAS**

4. At all times material to this action MATHIAS G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

5. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, MATHIAS G. CORTINAS sustained a physical manifestation of a personal injury.

6. As a consequence, MATHIAS G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of MATHIAS G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

CASE NO.: CACE 14-000011

**CLAIM OF ALAN G. CORTINAS**

7. At all times material to this action ALAN G. CORTINAS was the brother of the decedent, minor, JOSE A. SCOTT, and living with him at the family's home in Miramar, Florida. He enjoyed a close family relationship and at all times related shared many brotherly experiences.

8. As a direct consequence of the close family relationship with JOSE A. SCOTT and because of his direct involvement in the events surrounding the tragic accident, ALAN G. CORTINAS sustained a physical manifestation of a personal injury.

9. As a consequence, ALAN G. CORTINAS was injured through the negligent infliction of emotional distress directly and proximately caused by LAKISHA D. CONEY and sustained permanent personal injuries, discernable personal injuries within a reasonable degree of medical probability, and suffered severe psychological trauma, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical bills in the past, and the need for medical attention in the future.

WHEREFORE, Plaintiff, MARIA CAROLINA CORTINAS, as Mother, Next Friend and Guardian of ALAN G. CORTINAS demands judgment against Defendant, LAKISHA D. CONEY, for all compensatory damages, costs, interests, and any other damages the Court deems proper under the law.

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues so triable as a matter of right.



McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 662-6160 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

CASE NO.: CACE 14-000011

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was Eserved by the Court upon: DAVID M. GOLDSTEIN, ESQUIRE, KATHERINE T. WENZEL, ESQUIRE, Marco Rothman Scharf Valdes Nguyen & Goldstein, P.L., Attorneys for Defendants Coneys, 7633 S.W. 62nd Avenue, South Miami, FL 33143, pleadings@marcosandrothman.com; SCOTT L. PESTCOE, ESQ., Pestcoe & Iglesias, P.A., Global Commerce Center, 1900 N. Commerce Parkway, Weston, FL 33326, scott@pandilaw.com; slopez@pandilaw.com, on March 13, 2015.

*/s/ John W. McLuskey, Esq.*
John W. McLuskey
Florida Bar No.: 331171
John E. Hughes
Florida Bar No: 0181099
McLuskey, McDonald & Hughes, P.A.
Attorneys for Plaintiffs
The Barrister Building
8821 S.W. 69th Court
Miami, FL 33156
Primary: eservice@mmlawmiami.com
Secondary: jmcl@mmlawmiami.com
Secondary: jhughes@mmlawmiami.com
(305) 662-6160 Telephone
(305) 662-6164 Facsimile

JWM/dlc/fmh

# Exhibit B

TRAVELERS

**Report Claims Immediately by Calling***
**1-800-238-6225**
*Speak directly with a claim professional*
*24 hours a day, 365 days a year*

*Unless Your Policy Requires Written Notice or Reporting

**A Custom Insurance Policy Prepared for:**

WITKIN DESIGN GROUP, INC.;
EMMA 307 LLC
ATTN. MRS JENNY VAZQUEZ
307 S 21ST AVE
HOLLYWOOD FL 33020

**Presented by: BROWN & BROWN-ML**

TRAVELERS

One Tower Square, Hartford, Connecticut 06183

RENEWAL CERTIFICATE

COMMON POLICY DECLARATIONS
OFFICE PAC
BUSINESS: ARCHITECTS

POLICY NO.: 680-8814X512-TIL-12
ISSUE DATE: 04-05-12

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

1. NAMED INSURED AND MAILING ADDRESS:

WITKIN DESIGN GROUP, INC.;
EMMA 307 LLC
ATTN. MRS JENNY VAZQUEZ
307 S 21ST AVE
HOLLYWOOD FL 33020

2. POLICY PERIOD: From 06-24-12 to 06-24-13 12:01 A.M. Standard Time at your mailing address.

3. LOCATIONS:

| PREM. NO. | BLDG. NO. | OCCUPANCY | ADDRESS (same as Mailing Address unless specified otherwise) |
|---|---|---|---|
| 01 | 01 | ARCHITECTS | 307 S 21ST AVE<br>HOLLYWOOD FL 33020 |

4. COVERAGE PARTS AND SUPPLEMENTS FORMING PART OF THIS POLICY AND INSURING COMPANIES:

| COVERAGE PARTS AND SUPPLEMENTS | INSURING COMPANY |
|---|---|
| Businessowners Coverage Part | TIL |

5. The COMPLETE POLICY consists of this declarations and all other declarations, and the forms and endorsements for which symbol numbers are attached on a separate listing.

6. SUPPLEMENTAL POLICIES: Each of the following is a separate policy containing its complete provisions.

| POLICY | POLICY NUMBER | INSURING COMPANY |
|---|---|---|

DIRECT BILL

7. PREMIUM SUMMARY:

| | | |
|---|---|---|
| Provisional Premium | $ | 6,206.00 |
| Due at Inception | $ | |
| Due at Each | $ | |

NAME AND ADDRESS OF AGENT OR BROKER

BROWN & BROWN-ML CYL47
14900 NW 79TH CRT
STE 200
MIAMI LAKES FL 33016

COUNTERSIGNED BY:

Authorized Representative

DATE:

TRAVELERS

One Tower Square, Hartford, Connecticut 06183

## BUSINESSOWNERS COVERAGE PART DECLARATIONS

OFFICE PAC

POLICY NO.: 680-8814X512-TIL-12
ISSUE DATE: 04-05-12

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

POLICY PERIOD:
From 06-24-12 to 06-24-13 12:01 A.M. Standard Time at your mailing address.

FORM OF BUSINESS: CORPORATION

COVERAGES AND LIMITS OF INSURANCE: Insurance applies only to an item for which a "limit" or the word "included" is shown.

### COMMERCIAL GENERAL LIABILITY COVERAGE

| OCCURRENCE FORM | LIMITS OF INSURANCE | |
|---|---|---|
| General Aggregate (except Products-Completed Operations Limit) | $ | 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ | 2,000,000 |
| Personal and Advertising Injury Limit | $ | 1,000,000 |
| Each Occurrence Limit | $ | 1,000,000 |
| Damage to Premises Rented to You | $ | 300,000 |
| Medical Payments Limit (any one person) | $ | 5,000 |

### BUSINESSOWNERS PROPERTY COVERAGE

DEDUCTIBLE AMOUNT: Businessowners Property Coverage: $ 2,500 per occurrence.
Building Glass: $ 2,500 per occurrence.

BUSINESS INCOME/EXTRA EXPENSE LIMIT: Not Covered

ADDITIONAL COVERAGE:
Fine Arts: $ 25,000

Other additional coverages apply and may be changed by an endorsement. Please read the policy.

SPECIAL PROVISIONS:

**COMMERCIAL GENERAL LIABILITY COVERAGE IS SUBJECT TO A GENERAL AGGREGATE LIMIT**

## BUSINESSOWNERS PROPERTY COVERAGE

PREMISES LOCATION NO.: 01 BUILDING NO.: 01

| COVERAGE | | LIMIT OF INSURANCE | VALUATION | COINSURANCE | INFLATION GUARD |
|---|---|---|---|---|---|
| BUILDING<br>*Replacement Cost | $ | 370,726 | RC* | 90% | 0.0% |
| BUSINESS PERSONAL PROPERTY<br>*Replacement Cost | $ | 117,184 | RC* | 90% | 0.0% |
| COVERAGE EXTENSIONS: | | | | | |
| Accounts Receivable | $ | 25,000 | | | |
| Valuable Papers | $ | 25,000 | | | |

Other coverage extensions apply and may be changed by an endorsement. Please read the policy.

TRAVELERS

TAXES AND SURCHARGES
OFFICE PAC

PAC

POLICY NO.: 680-8814X512-TIL-12
EFFECTIVE DATE: 06-24-12
ISSUE DATE: 04-05-12

| DESCRIPTION: | AMOUNT |
|---|---|
| FLORIDA SURCHARGE | $ 6.00 |
| FLORIDA CITIZENS ASSESSMENT SURCHARGE | 57.00 |
| FLORIDA CAT EMER FUND SURCHARGE | 74.00 |
| FLORIDA HRA EMER SURCHARGE | 57.00 |
| FIGA 2008 ALL OTHER | 57.00 |

OFFICE: RETAIL A&E
PRODUCER NAME: BROWN & BROWN-ML

POLICY NUMBER: 680-8814X512-TIL-12
EFFECTIVE DATE: 06-24-12
ISSUE DATE: 04-05-12

LISTING OF FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

THIS LISTING SHOWS THE NUMBER OF FORMS, SCHEDULES AND ENDORSEMENTS BY LINE OF BUSINESS.

| | | |
|---|---|---|
| * | IL T0 25 08 01 | RENEWAL CERTIFICATE |
| * | MP T0 01 02 05 | BUSINESSOWNERS COVERAGE PART DECS |
| * | IL T8 01 01 01 | FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS |
| | IL T3 15 09 07 | COMMON POLICY CONDITIONS |

BUSINESSOWNERS

| | | |
|---|---|---|
| * | CP 12 18 06 95 | LOSS PAYABLE PROVISIONS |
| * | MP T1 30 02 05 | TBL OF CONT-BUSINESSOWNERS COV-DELUXE |
| | MP T1 02 02 05 | BUSINESSOWNERS PROPERTY COV-SPEC FORM |
| | MP T1 05 02 05 | AMENDATORY PROVISIONS-OFFICES |
| * | MP T1 75 03 06 | WINDSTORM OR HAIL PERCENTAGE DED |
| | MP P4 01 09 06 | FL-ARCHITECTS, ENGINEERS & SURVEYORS END |
| | MP T3 25 01 08 | TERRORISM RISK INS ACT OF 2002 NOTICE |
| | MP T3 50 11 06 | EQUIP BREAKDOWN SERV INTERRUPTION LIM |
| | MP T3 56 02 08 | AMENDATORY PROVISIONS-GREEN BLD |
| | MP T4 38 01 09 | FL CHANGES |

COMMERCIAL GENERAL LIABILITY

| | | |
|---|---|---|
| | CG D3 15 11 03 | BLANKET DESIG LOCATION(S) GENL AGGR LMT |
| | CG T0 34 11 03 | TABLE OF CONTENTS |
| | CG 00 01 10 01 | COMMERCIAL GENERAL LIABILITY COV FORM |
| | CG D2 55 11 03 | AMENDMENT OF COVERAGE - POLLUTION |
| | CG D3 09 11 03 | AMEND ENDT-PRODUCTS-COMPLETED OPR HAZARD |
| | CG D3 81 09 07 | ADDT INSURED ARCHITECT, ENGINEER, SURVEYOR ✓ |
| * | CG D3 82 09 07 | ADDL INSURED-ARCHITECT, ENGINEER, SURVEYOR |
| | CG 21 70 01 08 | CAP ON LOSSES-CERTIFIED ACTS-TERRORISM |
| | CG D0 37 04 05 | OTHER INSURANCE-ADDITIONAL INSUREDS |
| | CG D2 34 01 05 | WEB XTEND - LIABILITY |
| | CG D3 79 09 07 | ARCHITECT, ENGINEER, SURVEYOR XTEND ENDORS |
| * | CG D4 13 04 08 | AMENDMENT OF COVERAGE-COOLING-POLLUTION |
| * | MP T1 25 11 03 | HIRED AUTO AND NON-OWNED AUTO LIAB |
| | CG D2 88 11 03 | EMPLOYMENT-RELATED PRACTICES EXCLUSION |
| | CG D3 26 01 04 | EXCLUSION-UNSOLICITED COMMUNICATIONS |
| | CG D3 56 01 05 | MOBILE EQUIP/EXCL VEHICLES SUB TO MV LAW |
| | CG D3 80 09 07 | EXCLUSION-ENGINEER, ARCHITECT, SURVEY PROF |
| | CG D0 76 06 93 | EXCLUSION-LEAD |
| | CG D1 42 01 99 | EXCLUSION-DISCRIMINATION |
| | CG D2 42 01 02 | EXCLUSION WAR |
| | CG T4 78 02 90 | EXCLUSION-ASBESTOS |
| | CG T3 33 11 03 | LIMIT WHEN TWO OR MORE POLICIES APPLY |
| * | CG 02 20 03 12 | FL CHANGES-CANCELLATION & NONRENEWAL |

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

POLICY NUMBER: 680-8814X512-TIL-12
EFFECTIVE DATE: 06-24-12
ISSUE DATE: 04-05-12

INTERLINE ENDORSEMENTS

| | |
|---|---|
| IL T3 82 08 06 | EXCL OF LOSS DUE TO VIRUS OR BACTERIA |
| IL T3 79 01 08 | CAPS ON LOSSES FROM CERT ACTS OF TERROR |
| IL 00 21 09 08 | NUCLEAR ENERGY LIAB EXCL END-BROAD FORM |
| IL 01 75 07 02 | FL CHANGES-LEGAL ACTION AGAINST US |
| IL 02 55 01 10 | FLORIDA CHANGES-CANC AND NONRENEW |

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

# BUSINESSOWNERS

# BUSINESSOWNERS

TRAVELERS

One Tower Square, Hartford, Connecticut 06183

SPECIAL PROVISIONS:
LOSS PAYEE:

POLICY NO.: 680-8814X512-TIL-12
ISSUE DATE: 04-05-12

| PREMISES LOCATION NUMBER | BUILDING NUMBER | LOSS PAYEE NAME AND MAILING ADDRESS |
|---|---|---|
| 01 | 01 | RICOH AMERICAS CORP<br>PO BOX 979284<br>MIAMI FL 33197 |

POLICY NUMBER: 680-8814X512-TIL-12

COMMERCIAL PROPERTY
ISSUE DATE: 04-05-12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE PROVISIONS

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM
BUILDERS' RISK COVERAGE FORM
CONDOMINIUM ASSOCIATION COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM
STANDARD PROPERTY POLICY

**SCHEDULE**

| Prem. No. | Bldg. No. |
|---|---|
| 01 | 01 |

| Description of Property | Loss Payee (Name & Address) |
|---|---|
| BUSINESS PERSONAL PROPERTY | RICOH AMERICAS CORP<br>PO BOX 979284<br>MIAMI FL 33197 |

| | Loss Payable | Lenders Loss Payable | Contract of Sale |
|---|---|---|---|
| **Provisions Applicable:** | X | | |

**A.** When this endorsement is attached to the STANDARD PROPERTY POLICY **CP 00 99** the term Coverage Part in this endorsement is replaced by the term Policy.

The following is added to the LOSS PAYMENT Loss Condition, as indicated in the Declarations or by an "X" in the Schedule:

**B. LOSS PAYABLE**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**C. LENDER'S LOSS PAYABLE**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.
2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear
   b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure or similar action on the Covered Property
   c. If we deny your claim because of your acts or because you have failed to comply with terms of the Coverage Part the Loss Payee will still have the right to receive loss payment if the Loss Payee:

 Copyright, ISO Commercial Risk Services, Inc., 1994 

(1) Pays any premium due under this Coverage Part at our request if you have failed to do so:

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of this Coverage Part will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or becauseyou have failed to comply with the terms of this Coverage Part:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay: and

(2) The Loss Payee's rights to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the dept plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your non-payment of premium: or

b 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we elect not to renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**D. CONTRACT OF SALE**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interest may appear.

3. The following is added to the OTHER INSURANCE Condition:

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.


Copyright, ISO Commercial Risk Services, Inc., 1994

TABLE OF CONTENTS

# BUSINESSOWNERS COVERAGE PART DELUXE PLAN

The following indicates the contents of the principal forms which may be attached to your policy. It contains no reference to the Declarations or Endorsements which also may be attached.

## BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM MP T1 02

Beginning on Page


COVERAGE ........ 1

Covered Property ........ 1
Property Not Covered ........ 2
Business Income and Extra Expense ........ 2
Covered Causes of Loss ........ 3
Limitations ........ 3
Additional Coverages ........ 4
Coverage Extensions ........ 11

EXCLUSIONS ........ 22

LIMITS OF INSURANCE ........ 26

Inflation Guard ........ 26
Business Personal Property Limit — Seasonal Increase ........ 27

DEDUCTIBLES ........ 27

PROPERTY LOSS CONDITIONS ........ 27

Abandonment ........ 27
Appraisal ........ 27
Duties in the Event of Loss or Damage ........ 27
Loss Payment — Building and Personal Property ........ 28
Loss Payment — Business Income and Extra Expense ........ 31
Recovered Property ........ 32
Noncumulative Limit ........ 32

COMMERCIAL PROPERTY CONDITIONS ........ 32

Concealment, Misrepresentation or Fraud ........ 32
Control of Property ........ 32
Insurance Under Two or More Coverages ........ 33
Legal Action Against Us ........ 33
Liberalization ........ 33
No Benefit to Bailee ........ 33
Other Insurance ........ 33
Policy Period, Coverage Territory ........ 33
Transfer of Rights of Recovery Against Others to Us ........ 33
Coinsurance ........ 33
Mortgageholders ........ 34

PROPERTY DEFINITIONS ........ 35

POLICY NUMBER: 680-8814X512-TIL-12

BUSINESSOWNERS
ISSUE DATE: 04-05-12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE PART

**SCHEDULE**

| Prem/Loc No. | Building No. | Windstorm or Hail Deductible Percentage - enter 1%, 2%, 3%, 4%, 5% or 10% |
|---|---|---|
| 01 | 01 | 5% |

The Windstorm or Hail Deductible, as shown in the Schedule, applies to loss of or damage to Covered Property caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage. If loss or damage from a covered weather condition other than Windstorm or Hail occurs, and that loss or damage would not have occurred but for the Windstorm or Hail, such loss or damage will be considered to be caused by Windstorm or Hail and therefore part of the Windstorm or Hail occurrence.

With respect to Covered Property at a described premises identified in the Schedule, no other deductible applies to the Windstorm or Hail.

The Windstorm or Hail Deductible applies whenever there is an occurrence of Windstorm or Hail.

As used in this endorsement, the terms "specific insurance" and "blanket insurance" have the following meanings: Specific insurance covers each item of insurance (for example, each building or personal property in a building) under a separate Limit of Insurance. Blanket insurance covers two or more items of insurance (for example, a building and personal property in that building, or two buildings) under a single Limit of Insurance. Items of insurance and corresponding Limit(s) of Insurance are shown in the Declarations.

**WINDSTORM OR HAIL DEDUCTIBLE CLAUSE**

**A. All Policies**

1. A Windstorm or Hail Deductible is calculated separately for, and applies separately to:
   a. Each building, if two or more buildings sustain loss or damage;
   b. The building and to personal property in that building, if both sustain loss or damage;
   c. Personal property at each building, if personal property at two or more buildings sustains loss or damage;
   d. Personal property in the open.
2. We will not pay for loss or damage until the amount of loss or damage exceeds the applicable Windstorm or Hail Deductible. We will then pay the amount of loss or damage in excess of that Deductible. But we will not pay more than the applicable Limit of Insurance.

**B. Calculation Of The Deductible – Specific Insurance**

In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to 1%, 2%, 3%, 4%, 5% or 10% (as shown in the Schedule) of the Limit(s) of Insurance applicable to the property that has sustained loss or damage.

**C. Calculation Of The Deductible – Blanket Insurance**

In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to 1%, 2%, 3%, 4%, 5% or 10% (as shown in the Schedule) of the value(s) of the property that has sustained loss or damage. The value(s) to be used are those shown in the Statement of Values on file with us. If there is no Statement of


Includes the copyrighted material of Insurance Services Office, with its permission.

Values on file with us, then the value(s) to be used will be the value of the property at the time of loss.

D. **Calculation Of The Deductible – Property Covered Under The Newly Acquired or Constructed Property Additional Coverage**

The following applies when property is covered under the **Newly Acquired or Constructed Property** Additional Coverage:

In determining the amount, if any, that we will pay for loss or damage to such property, we will deduct an amount equal to a percentage of the value(s) of the property at time of loss. The applicable percentage for Newly Acquired or Constructed Property is the highest percentage shown in the Schedule.

**EXAMPLES – APPLICATION OF DEDUCTIBLE**

**Example #1 – Specific Insurance**

The amounts of loss to the damaged property are $60,000 (building) and $40,000 (business personal property in building).

The value of the damaged building at time of loss is $100,000. The value of the business personal property in that building is $80,000.

The **actual** Limits of Insurance on the damaged property are $80,000 on the building and $64,000 on the business personal property.

The Deductible is 2%.

**Building**

Step (1): $80,000 X 2% = $1,600

Step (2): $60,000 - $1,600 = $58,400

**Business Personal Property**

Step (1) $64,000 X 2% = $1,280

Step (2): $40,000 - $1,280 = $38,720

The most we will pay is $97,120 ($58,400 + $38,720).

The portion of the total loss that is not covered due to the application of the Deductible is $2,880 ($1,600 + $1,280).

**Example #2 – Specific Insurance**

The amounts of loss to the damaged property are $60,000 (building) and $40,000 (business personal property in building).

The **actual** Limits of Insurance on the damaged property are $100,000 on the building and $64,000 on the business personal property.

The Deductible is 2%.

**Building**

Step (1): $100,000 X 2% = $2,000

Step (2): $60,000 - $2,000 = $58,000

**Business Personal Property**

Step (1) $64,000 X 2% = $1,280

Step (2): $40,000 - $1,280 = $38,720

The most we will pay is $96,720 ($58,000 + $38,720). The portion of the total loss that is not covered due to the application of the Deductible is $3,280 ($2,000 + $1,280).

**Example #3 – Blanket Insurance**

The sum of the values of Building #1 ($500,000), Building #2 ($500,000) and Building #3 ($1,000,000) as shown in the Declarations is $2,000,000.

Buildings #1 and #2 have sustained damage; the amounts of loss to these buildings are $40,000 (Building #1) and $20,000 (Building #2).

The Deductible is 2%.

**Building #1**

Step (1): $500,000 X 2% = $10,000

Step (2): $40,000 - $10,000 = $30,000

**Building #2**

Step (1): $500,000 X 2% = $10,000

Step (2): $20,000 - $10,000 = $10,000

The most we will pay is $40,000 ($30,000 + $10,000). The portion of the total loss that is not covered due to the application of the Deductible is $20,000.

 Includes the copyrighted material of Insurance Services Office, with its permission. 

# GENERAL LIABILITY

# GENERAL LIABILITY

## RETURN OF SERVICE

State of Florida County of Miami-Dade Circuit Court

Case Number: 2015-28305-CA-01

Plaintiff:
**WITKIN DESIGN GROUP, INC.**
vs.
Defendant:
**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND BROWN & ROWN OF FLORIDA INC.**

For: Bradley H. Trushin
CHEPENIK TRUSHIN LLP

Received by Lightning Process Services on the 11th day of January, 2016 at 12:00 pm to be served on **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA BY SERVING CHIEF FINANCIAL OFFICER, 200 EAST GAINES STREET, TALLAHASSEE, FL 32399.** I, Michael Carlton, do hereby affirm that on the 16th day of January, 2016 at 10:20 a.m., executed service by delivering a true copy of the **CIVIL ACTION SUMMONS** and **PETITION FOR DECLARATORY RELIEF AND COMPLAINT** and **EXHIBITS** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving ______________ as ______________ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving ______________ as ______________

(✓) CORPORATE SERVICE: By serving Nick Ward as Senior Clerk

( ) NON SERVICE: For the reason detailed in the Comments below.

2016 JAN 20 AM 10:49

COMMENTS: ______________

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

______________
PROCESS SERVER # 111
Appointed in accordance with State Statutes

**Lightning Process Services**
**12590 Pines Boulevard**
**#260748**
**Pembroke Pines, FL 33026**
**(954) 243-9579**

Our Job Serial Number: 2016000051

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0r

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS**<br>(b) Form for Personal Service on a Natural Person | 2015-28305 CA01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| WITKIN DESIGN GROUP, INC. | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and BROWN & BROWN OF FLORIDA INC. | |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): | Address: |
|---|---|
| Travelers Property Casualty Company of America, By serving its Registered agent Chief Financial officer | 200 E, Gaines Street, Tallahassee, FL 32399-0000 |

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

☒ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Martin Luther King Office (20)
2525 N.W. 62nd Street
Room 1200 A
Miami, Florida 33147

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

SERVICE

| Plaintiff/Plaintiff Attorney | Address: | |
|---|---|---|
| Bradley Trushin<br>Florida Bar No. 816317 | Chepenik Trushin LLP<br>12550 Biscayne Blvd. Suite 805<br>Miami, FL 331[illegible] | |
| HARVEY RUVIN<br>CLERK OF COURTS | BY: [signature]<br>DEPUTY CLERK | DATE ON:<br>DEC 11 2015 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 070 Rev. 04/15

Clerk's web address: www.miami-dadeclerk.com

☒ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.
☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S)<br>Witkin Design Group, Inc. | VS. DEMANDADO(S)<br>Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | HORA |

| A Demandado(s): Travelers Property Casualty Company of America by serving its registered Agent Chief Financial Officer | Direccion: 200 E. Gaines, Tallahassee, FL 32399 |
|---|---|

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

**"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."**

**LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE**

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| Demandante o Abogado del Demandante<br>Brad Trushin<br>Numero del Colegio de Abogados: 816371 | Direccion: Chepenik Trushin LLP<br>12550 Biscayne Blvd., Suite 805,<br>Miami FL 33191 |
|---|---|

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificacion y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| HARVEY RUVIN<br>Secretario del Tribunal del Condado | POR: ______________________<br>Como Secretario Adjunto | FECHA |
|---|---|---|

**Ley para Estadounidenses con Incapacidades**

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

CLK/CT. 070 Rev. 04/15

Clerk's web address: www.miami-dadeclerk.com

☒ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVISION ☒ CIVILE ☐ AUTRE | CONVOCARION D' ACTION CIVILE (b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CAS |
|---|---|---|
| PLAINTE(S) Witkin Design Group, Inc. | VS. CONTRE ACCUSE(S) Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | HEURE IN |
| A (AUX) ACCUSE(S): Travelers Property Casualty Company of America by Serving its Registered Agent Chief Financial Officer | ADRESSE: 200 E. Gaines Street Tallahassee, FL 32399 | |

**IMPORTANT**

Des poursuites judiclaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a pertir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05) Room 133 73 West Flagler Street Miami, Florida 33130 | ☐ Martin Luther King Office (70) 2525 N.W. 62nd Street Room 1200 A Miami, Florida 33147 | ☐ North Dade Justice Center (23) Room 100 15555 Biscayne Blvd. North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21) Room 100 11 East 6th Street Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24) Room 200 1130 Washington Avenue Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25) Room 100 3100 Ponce De Leon Blvd. Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26) Room 1200 10710 SW 211 Street Miami, Florida 33189 | |

| | |
|---|---|
| Plainte/Avocat du Plainte Bradley Trushin Numero de barreau de la Floride: 816371 | Adresse: Chepenik Trushin LLP 12550 Biscayne Blvd, Suite 805 Miami, FL 33181 |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| | | |
|---|---|---|
| HARVEY RUVIN Greffier de Tribunal | PAR:______________ COMME GREFFIER ADJOINT | DATE ON: |

**ACT DE 1990 POUR AMERICAINS HANDICAPES**
**AVIS DE l' ADA**

**"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

CLK/CT. 070 Rev. 04/15

Clerk's web address: www.miami-dadeclerk.com

☒ NAN TRIBUNAL ONZYEM AWONDISMAN JIDISYE NAN E POU MIAMI-DADE COUNTY, FLORIDA.
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA.

| DIVIZYON | KONVOKASYON POU KA SIVIL (b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| ☒ SIVIL<br>☐ LOT | | |

| PLENTIF(S) | VS. KONT AKIZE(S) | LE |
|---|---|---|
| Witkin Design Group, Inc | Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | |

AKIZE: Travelers Property Casualty Company of America By Serving its Registered Agent Chief Financial Officer

ADRES: 200 E. Gaines Street, Tallahassee, FL 32399

ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagels avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-le nan tribunal-le ki localiza nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

ADRES TRIBINAL NAN MIAMI-DADE COUNTY

☒ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Martin Luther King Office (20)
2525 N.W. 62nd Street
Room 1200 A
Miami, Florida 33147

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

| Plainte/Avocat du Plainte Brad Trushin<br>Numero de barreau de la Floride: 916371 | Nimewo manm avoka a. Chepenik Trushin, LLP<br>Address: 12550 Biscayne Blvd., Suite 805<br>Miami, FL 33181 |
|---|---|

ETA FLORIDA: Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.

| HARVEY RUVIN<br>Sekrete Jeneral Tribinal La | BAY: ______________________<br>SEKRETE | DATE: |
|---|---|---|

**LWA 1990 POU AMERIKEN KI ENFIM**
**ANONS POU AMERIKEN KI ENFIM**

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

CLK/CT. 070 Rev. 04/15 Clerk's web address: www.miami-dadeclerk.com

# RETURN OF SERVICE

**State of Florida** **County of Miami-Dade** **Circuit Court**

**Case Number: 2015-28305-CA-01**

Plaintiff:
**WITKIN DESIGN GROUP, INC.**

vs.

Defendant:
**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND BROWN & BROWN OF FLORIDA INC.**

ORIGINAL

2016 JAN 15 10:18

For:
Bradley H. Trushin
CHEPENIK TRUSHIN LLP
12550 Biscayne Boulevard
Suite 805
North Miami, FL 33181

Received by Lightning Process Services on the 11th day of January, 2016 at 12:00 pm to be served on **BROWN & BROWN OF FLORIDA INC. BY SERVING CT CORPORATION SYSTEMS, REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Willie Wiggins Jr., do hereby affirm that on the **12th day of January, 2016 at 8:30 am**, I:

served a **CORPORATION** by delivering a true copy of the **CIVIL ACTION SUMMONS** and **PETITION FOR DECLARATORY RELIEF AND COMPLAINT and EXHIBITS** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH, SUPERVISOR OF CT CORPORATION SYSTEM** as **REGISTERED AGENT** a person employed therein for **BROWN & BROWN OF FLORIDA INC.**,at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the 17th judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Verified Return of Service and the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).

**Willie Wiggins Jr.**
**1143**

**Lightning Process Services**
**12590 Pines Boulevard**
**#260748**
**Pembroke Pines, FL 33026**
**(954) 243-9579**

Our Job Serial Number: WIG-2016000050

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0i

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS**<br>**(b) Form for Personal Service on a Natural Person** | 2015-28305 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| WITKIN DESIGN GROUP, INC. | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and BROWN & BROWN OF FLORIDA INC. | |

THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): | Address: |
|---|---|
| Brown & Brown of Florida Inc. By serving its registered agent CT Corporation System | 1200 South Pine Island Road, Plantation, FL 33324 |

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

MIAMI-DADE COUNTY COURT LOCATIONS

| | | | SERVICE |
|---|---|---|---|
| ☑ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (30)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |
| ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 | | | |

| Plaintiff/Plaintiff Attorney | Address: | |
|---|---|---|
| Bradley Trushin<br>Florida Bar No. 816317 | Chepenik Trushin LLP<br>12550 Biscayne Blvd. Suite 805<br>Miami, FL 33181 | |
| HARVEY RUVIN<br>CLERK OF COURTS | BY: [signature]<br>DEPUTY CLERK | DATE ON:<br>DEC 11 2015 |

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

☒ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.
☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | | NUMERO DE CASO |
|---|---|---|---|
| DEMANDANTE(S)<br>Witkin Design Group, Inc. | VS. DEMANDADO(S)<br>Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | | HORA |
| A Demandado(s): Brown & Brown of Florida Inc. By serving its registered agent CT corporation system | Direccion: 1200 South Pine Island Rd Plantation FL 33324 | | |

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

**"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."**

**LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE**

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| Demandante o Abogado del Demandante<br>Brad Trushin<br>Numero del Colegio de Abogados: 816371 | Direccion: Chepenik Trushin LLP<br>12550 Biscayne Blvd., Suite 805<br>Miami, FL 33181 |
|---|---|

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificacion y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| HARVEY RUVIN<br>Secretario del Tribunal del Condado | POR: ______________________<br>Como Secretario Adjunto | FECHA |
|---|---|---|

## Ley para Estadounidenses con Incapacidades

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☑ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVISION<br>☑ CIVILE<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CAS |
|---|---|---|

| PLAINTE(S) | VS. CONTRE ACCUSE(S) | HEURE IN |
|---|---|---|
| Witkins Design Group, Inc. | Travelers Property Casualty Company of America and Brown & Brown of Florida, Inc. | |

| A (AUX) ACCUSE(S): Brown & Brown of Florida Inc. By serving its registered Agent CT corporation System | ADRESSE: 1200 South Pine Island Rd, Plantation, FL 33324 |
|---|---|

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☑ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Martin Luther King Office (20)
2525 N.W. 62nd Street
Room 1200 A
Miami, Florida 33147

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

| Plainte/Avocat du Plainte Brad Trushin<br>Numero de barreau de la Floride: 816371 | Adresse: Chepenik Trushin LLP<br>12550 Biscayne Blvd., Suite 205<br>Miami, FL 33181 |
|---|---|

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| HARVEY RUVIN<br>Greffier de Tribunal | PAR:________<br>COMME GREFFIER ADJOINT | DATE ON: |
|---|---|---|

## ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA

**"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

CLK/CT 070 Rev 04/15 Clerk's web address: www.miami-dadeclerk.com

☒ NAN TRIBUNAL ONZYEM AWONDISMAN JIDISYE NAN E POU MIAMI-DADE COUNTY, FLORIDA.
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA.

| DIVIZYON | KONVOKASYON POU KA SIVIL | NIMEWO KA |
|---|---|---|
| ☒ SIVIL<br>☐ LOT | (b) DELIVRE PERSONELMAN BAY YON MOUN | |
| PLENTIF(S)<br>Witkin Design Group, Inc. | VS. KONT AKIZE(S)<br>Travelers Property Casualty of America and Brown & Brown of Florida, Inc | LE |
| AKIZE: Brown & Brown of Florida By its agents registered Agent CT Corporation System. | ADRES: 1300 South Pine Island Rd. Plantation, FL 33324 | |

**ENPOTAN**

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec pleni-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa konen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ka non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

**ADRES TRIBINAL NAN MIAMI-DADE COUNTY**

| | | | |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Martin Luther King Office (20)<br>2525 N.W. 62nd Street<br>Room 1200 A<br>Miami, Florida 33147 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| | |
|---|---|
| Plainte/Avocat du Plainte Bradley Trushin<br>Numero de barreau de la Floride: 816371 | Nimewo manm avoka a. Chepenik Trushin LLP<br>Address: 12550 Biscayne Blvd., Suite 805 Miami, FL 33181 |

ETA FLORIDA: Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.

| HARVEY RUVIN<br>Sekrete Jeneral Tribinal La | BAY: ____________________<br>SEKRETE | DATE: |
|---|---|---|

**LWA 1990 POU AMERIKEN KI ENFIM**
**ANONS POU AMERIKEN KI ENFIM**

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

CLK/CT 070 Rev. 04/15 Clerk's web address: www.miami-dadeclerk.com

Filing # 36724060 E-Filed 01/19/2016 03:21:24 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2015-28305 CA 01

WITKIN DESIGN GROUP, INC.,

Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and BROWN & BROWN OF FLORIDA, INC.,

Defendants.
_______________________________/

**PLAINTIFF, WITKIN DESIGN GROUP, INC.'S, NOTICE OF SERVING ITS FIRST SET OF INTERROGATORIES TO DEFENDANT, BROWN & BROWN OF FLORIDA, INC.**

COMES Now, Plaintiff, WITKIN DESIGN GROUP, INC. (hereinafter "Witkin"), pursuant to Fla. R. Civ. P. 1.340, hereby files this Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, BROWN & BROWN OF FLORIDA, INC.

Respectfully submitted this 19th day of January, 2016.

CHEPENIK TRUSHIN LLP
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 805
North Miami, FL 33181
Tele: (305) 981-8889
Fax: (305) 405-7979

/s Bradley Trushin
_______________________
Bradley Trushin, Esq.
Florida Bar No. 816371
Primary e-mail: btrushin@ctllp.com
Secondary e-mail: service@ctllp.com
Daniel Bachman, Esq.
Florida Bar No.: 97786
Primary e-mail: dbachman@ctllp.com
Secondary e-mail: jfelipe@ctllp.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of Plaintiff, WITKIN DESIGN GROUP, INC.'s, First Set of Interrogatories to Defendant, BROWN & BROW OF FLORIDA, INC, was served along with the Summons and Complaint upon Defendant, BROWN & BROWN OF FLORIDA, INC, on January 12, 2016, and Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, on January 15, 2016.

CHEPENIK TRUSHIN LLP
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 805
North Miami, FL 33181
Tele: (305) 981-8889
Fax: (305) 405-7979

/s/ Bradley Trushin

Bradley Trushin, Esq.
Florida Bar No. 816371
Primary e-mail: btrushin@ctllp.com
Secondary e-mail: service@ctllp.com
Daniel Bachman, Esq.
Florida Bar No.: 97786
Primary e-mail: dbachman@ctllp.com
Secondary e-mail: jfelipe@ctllp.com

Filing # 36724060 E-Filed 01/19/2016 03:21:24 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2015-28305 CA 01

WITKIN DESIGN GROUP, INC.,

Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and BROWN & BROWN OF FLORIDA, INC.,

Defendants.
_______________________________/

**PLAINTIFF, WITKIN DESIGN GROUP, INC.'S, NOTICE OF SERVING ITS FIRST SET OF INTERROGATORIES TO DEFENDANT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

COMES Now, Plaintiff, WITKIN DESIGN GROUP, INC. (hereinafter "Witkin"), pursuant to Fla. R. Civ. P. 1.340, hereby files this Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "Travelers").

Respectfully submitted this 19th day of January, 2016.

CHEPENIK TRUSHIN LLP
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 805
North Miami, FL 33181
Tele: (305) 981-8889
Fax: (305) 405-7979

/s/ Bradley Trushin
_______________________
Bradley Trushin, Esq.
Florida Bar No. 816371
Primary e-mail: btrushin@ctllp.com
Secondary e-mail: service@ctllp.com
Daniel Bachman, Esq.
Florida Bar No.: 97786
Primary e-mail: dbachman@ctllp.com
Secondary e-mail: jfelipe@ctllp.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon Defendant, BROWN & BROWN OF FLORIDA, INC, on January 12. 2016 and Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, on January 15, 2016.

CHEPENIK TRUSHIN LLP
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 805
North Miami, FL 33181
Tele: (305) 981-8889
Fax: (305) 405-7979

/s/ Bradley Trushin

Bradley Trushin, Esq.
Florida Bar No. 816371
Primary e-mail: btrushin@ctllp.com
Secondary e-mail: service@ctllp.com
Daniel Bachman, Esq.
Florida Bar No.: 97786
Primary e-mail: dbachman@ctllp.com
Secondary e-mail: jfelipe@ctllp.com