UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-20484-CIV-MORENO

WITKIN DESIGN GROUP, INC.,

        Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA and BROWN &
BROWN OF FLORIDA, INC.,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION TO DISMISS DEFENDANT BROWN & BROWN OF FLORIDA, INC.

THIS CAUSE came before the Court upon (1) Defendant Travelers Property Casualty Company of America's ("Travelers") Motion to Dismiss Defendant Brown & Brown of Florida, Inc. ("Brown & Brown") **(D.E. 4)**, filed on **February 10, 2016**; and (2) Plaintiff Witkin Design Group, Inc.'s ("Witkin") Motion to Remand **(D.E. 8)**, filed on **March 8, 2016**. Both Motions in this insurance dispute present the same question: whether the Court should disregard Brown & Brown's citizenship because Florida law requires the dismissal of Witkin's claims against Brown & Brown while the insurance coverage dispute between Witkin and Travlers is pending. Upon review of the Motions, the various Responses and Replies, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

    **I.**    **BACKGROUND**

On December 7, 2015, Plaintiff Witkin Design Group, Inc. ("Witkin") filed the instant case against Defendants Travelers Property Casualty Company of America ("Travelers") and

Brown & Brown of Florida, Inc. ("Brown & Brown") in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. *See* D.E. 1-2 at 7. Witkin Design is a Florida corporation with its principal office located in Hollywood, Florida. *Id.* Travelers is a Connecticut corporation with its principal place of business in Connecticut. D.E. 8 at 3. Brown & Brown is a Florida corporation with its principal place of business in Daytona Beach, Florida. *Id.*

Witkin's Complaint sets forth four causes of action. In Counts I and II, Witkin seeks a declaration that coverage exists under insurance policies issued by Travelers, and contends that Travelers breached the policies by denying Witkin coverage and refusing to indemnify Witkin. *See* D.E. 1-2 at 13–17. Counts III and IV are against Brown & Brown—the agent that procured the policies from Travelers for Witkin—and they allege that Brown & Brown breached the fiduciary duty that it owed to Witkin and was negligent in procuring the policies for Witkin. *See id.* at 18–20.

On February 9, 2016, Travelers filed a Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship. *See* D.E. 1. In the Notice, Travelers argued that while both Witkin and Brown & Brown are Florida corporations, Brown & Brown's citizenship "is irrelevant for the purpose of diversity jurisdiction because Brown & Brown was fraudulently joined as a defendant." D.E. 1 at ¶ 5. The next day, Travelers filed a Motion to Dismiss Brown & Brown, arguing that Florida law requires dismissal of Brown & Brown while the coverage dispute against Travelers is pending. *See* D.E. 4. Witkin subsequently filed a Motion to Remand on March 8, 2016, arguing that Travelers cannot demonstrate that there is "no possibility . . . that a valid cause of action can be pled" against Brown & Brown under Florida law. *Id.* at 2.

Finally, as part of its Response to Travelers' Motion to Dismiss Brown & Brown, Witkin

produced a letter dated February 26, 2016 that purported to "memorialize" a stipulation between Witkin and Brown & Brown to stay the proceedings against Brown & Brown pending a judicial determination of the Witkin-Travelers coverage dispute. D.E. 7-1. The letter states that the agreement was reached "during January and February 2016" and that "[b]ut for the removal of the case, the attached Agreed Order would have been filed in the state court action." *Id.*

## II. DISCUSSION

### a. Witkin's Motion to Remand

The Court will first deal with Witkin's Motion to Remand because it involves the Court's subject-matter jurisdiction, or the Court's "power to hear a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A federal court has "diversity of citizenship" jurisdiction when there is complete diversity of citizenship among the parties and the plaintiff presents a claim that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332.

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A

presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

"An action filed in state court that is removed to federal court based on diversity jurisdiction 'must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed.'" *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 870 (11th Cir. 2015) (quoting *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)). Complete diversity requires that "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). There is no dispute that complete diversity is lacking in this case unless the citizenship of Brown & Brown is disregarded.

Travelers, however, argues that Brown & Brown's citizenship should be disregarded under the doctrine of "fraudulent joinder." Fraudulent joinder "is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Stillwell*, 663 F.3d at 1332. To establish fraudulent joinder of a non-diverse defendant, the removing party must satisfy a "heavy" burden of proving by clear and convincing evidence that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332. Travelers asserts that Witkin cannot possibly state a cause of action against Brown & Brown because Counts III and IV are premature and therefore must be dismissed.

Under Florida law, claims against an insurance agent for failing to procure coverage do

not accrue until the underlying action between the insured and the insurance company regarding coverage has been resolved. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001) ("[W]e hold that, in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings."). This means that Witkin's claims against Brown & Brown are contingent and premature, as Brown & Brown's liability for failure to procure becomes an issue only upon a final determination that no insurance coverage exists under the policy issued by Travelers. If, for example, the Court finds that Travelers is liable to Witkin under the policy, then Brown & Brown properly procured the insurance policy and did not damage Witkin. On the other hand, if the Court determines that Travelers is not liable to Witkin under the policy, then Brown & Brown is potentially liable for failing to procure adequate insurance coverage.

In its filings, Witkin does not dispute that its claims against Brown & Brown are premature. Instead, Witkin argues that the appropriate remedy for premature claims against an insurance agent is not dismissal, but "an abatement or stay." D.E. 7 at 5. In *Blumberg*, the Florida Supreme Court did state that "the defense *can* move for an abatement or stay" in circumstances when the failure to procure claims have not yet accrued. 790 So. 2d at 1065 (emphasis added). But subsequent cases have clearly established that the proper remedy for premature claims against an insurance agent is dismissal. For starters, it is well-established that when the premature element of a count "will not be cured by the passage of time"—which is the case here—dismissal is the appropriate remedy. *See Wells Fargo Ins. Servs. USA, Inc. v. Blackshear*, 136 So. 3d 1235, 1239 (Fla 2d DCA 2014) (holding that the appropriate remedy for plaintiff's premature negligent misrepresentation claim against his insurance agent was dismissal); *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 25 (Fla. 2d DCA 2003) (noting that when

5

an action is "premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur" and "the mere passage of time will not cure the premature element of the claim," then dismissal without prejudice, rather than abatement, is appropriate). And under almost identical circumstances, the trend in this District has been to dismiss the premature claims against insurance agents without prejudice. *See Evanston Ins. Co. v. Price4Limos, LLC*, No. 13-14177-CIV-MARTINEZ, D.E. 86 at *4–5 (S.D. Fla. June 11, 2015) (holding that the claims against the insurance agents "are both premature" and "contingent on the outcome of the [underlying] litigation" and dismissing those claims without prejudice because they "may never ripen"); *Pebb Cleveland, LLC v. Fireman's Fund Ins. Co.*, No. 14-81496-CIV-HURLEY, 2015 WL 328247, at *3 (S.D. Fla. Jan. 23, 2015) (same); *Hernandez v. Infinity Indem. Ins. Co.*, 44 F. Supp. 3d 1220, 1223–24 (S.D. Fla. Sept. 11, 2014) (same); *Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 12-61678-CIV-COOKE, 2013 WL 4711155, at *8 (S.D. Fla. Aug. 30, 2014) (same).[1]

Witkin argues that, in accordance with *Blumberg*, it had agreed with Brown & Brown to stay its claims against Brown & Brown pending resolution of the Witkin-Travelers coverage dispute, and that Travelers' notice of removal has "unnecessarily prolonged litigation" and "wasted party and judicial resources." D.E. 8 at 8. As an initial matter, the Court fails to see how this alleged stipulation is relevant to the issue of whether Witkin fraudulently joined Brown & Brown to this lawsuit, except insofar as it demonstrates that Witkin wanted to prevent

---

[1] The Court notes that two earlier cases from this District found that remand was appropriate because there was "ambiguity in Florida law" regarding whether premature claims against an insurance agent "should be abated or stayed or, rather, dismissed without prejudice." *Sperling v. Banner Life Ins. Co.*, No. 10-22289-CIV-HUCK, 2010 WL 4063743, at *3 (S.D. Fla. Oct. 14, 2010); *see also Steele v. Mid-Continent Cas. Co.*, No. 07-60789-CIV-MARRA, 2007 WL 3458543, at *3 (S.D. Fla. Nov. 14, 2007) ("Further, the Court cannot say with certainty that the claim against FHB is 'fraudulent,' given the fact that Florida law would not allow dismissal of the claim."). The Court finds, however, that subsequent cases from this district and elsewhere have resolved this "ambiguity in Florida law" in favor of dismissal.

6

Travelers from removing this case to federal court. Moreover, one court has already rejected similar arguments about the relevance of a stipulation to stay premature claims in the context of a motion to remand. *See Magnolia Ctr., Inc. v. Gen. Ins. Co. of Am.*, No. 11-01057-CIV-KOVACHEVICH, D.E. 28 (M.D. Fla. Sept. 9, 2011) (denying a motion to remand even though the plaintiff and insurance agent had agreed to abate their dispute prior to the insurer's removal of the action to federal court). Finally, public policy and judicial economy concerns actually favor dismissal instead of an abatement or stay. *See Ironshore*, 2013 WL 4711155, at *8 ("Additionally, judicial economy favors the dismissal of these claims. Parties should not be encouraged to file claims that may never ripen. Filing these claims forces the insurance agent to file a response and prompts the parties to litigate what is the appropriate remedy pending adjudication of the underlying action. This is a waste of the court's and the parties' resources.").

The Court therefore finds that Witkin has fraudulently joined Brown & Brown to the instant case because Counts III and IV are premature and because the overwhelming weight of authority favors dismissal over an abatement or stay of those claims. Accordingly, the Court disregards Brown & Brown's citizenship and finds that the remaining parties—Witkin and Travelers—are completely diverse. Witkin's Motion to Remand is must therefore be **DENIED**.

### b. Travelers' Motion to Dismiss Brown & Brown

The Court has denied Witkin's Motion to Remand on the basis of fraudulent joinder. "[A] finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 777 (1st Cir. 1983); *see also Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 102 (5th Cir. 1990) ("Because we have already concluded that [the non-diverse defendant] was fraudulently joined, we need not consider appellant's argument on this point further. Summary

judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."). As a result, Travelers' Motion to Dismiss Brown & Brown must be **GRANTED**.

### III. CONCLUSION

For foregoing reasons, it is

**ADJUDGED** that Plaintiff Witkin Design Group, Inc.'s Motion to Remand (D.E. 8) is **DENIED** and that Defendant Travelers Property Casualty Company of America's Motion to Dismiss Defendant Brown & Brown of Florida, Inc. (D.E. 4) is **GRANTED**. Accordingly, it is further

**ADJUDGED** that Plaintiff Witkin Design Group, Inc.'s claims against Defendant Brown & Brown of Florida, Inc. (Counts III – IV) are **DISMISSED** without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of April 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record